In October 1972 William Christian was indicted for murder in the first degree for the death of his mother. During the three years between the time of indictment and the trial of the case, Christian was twice found incompetent to stand trial and each time was committed to Bryce Hospital for treatment. At trial, Christian entered a plea of not guilty and not guilty by reason of insanity. The jury returned a verdict of guilty of murder in the second degree and set punishment at 99 years in the penitentiary. Christian filed motion for new trial, but on hearing, it was denied. The conviction was affirmed by the Court of Criminal Appeals.
The undisputed evidence was that: Christian attacked his mother with a soft drink bottle and repeatedly beat her over the head with it; after she collapsed he poured gasoline over her body and set it ablaze; Christian then sat down near the burning body and remained there until the police arrived and took him into custody. Mrs. Christian died from these injuries.
The appellant raises two issues which he contends call for this court to reverse and remand this case for a new trial. First he argues that the verdict of the jury is against the great preponderance of the evidence that Christian was insane at the time of the homicide. Secondly, he contends that the remarks of the prosecution during closing argument were so prejudicial that they constituted reversible error. We are persuaded by appellant's arguments on both these issues and therefore reverse.
We begin by stating the general rule in Alabama that, as persons on trial for commission of crimes are presumed sane, the defense of insanity is an affirmative defense which must be clearly proved to the jury's reasonable satisfaction and the burden of proof in this regard rests on the defendant. Ala. Code
tit. 15, § 422 (1958); Knight v. State, 273 Ala. 480,142 So.2d 899 (1962); Smith v. State, 257 Ala. 47, 57 So.2d 513 (1952);Parrish v. State, 139 Ala. 16, 36 So. 1012 (1903). Thus, where a plea of not guilty by reason of insanity is filed, the burden upon the defendant is to establish the issue of legal insanity by a preponderance of the evidence. Grissom v. State,33 Ala. App. 23, 30 So.2d 19 (1947); Lee v. State, 246 Ala. 343,20 So.2d 471 (1944); Lide v. State, 133 Ala. 43, 31 So. 953
(1901). In this respect, the burden never shifts to the State nor rests on the State. Grammer v. State, 239 Ala. 633,196 So. 268 (1940).
In applying these propositions of statutory and case law, it has been stated that the question of insanity at the time of the commission of the crime is a matter to be determined by the jury from a consideration of all the evidence. Carr v. State,43 Ala. App. 642, 198 So.2d 791 (1967); Hawkins v. State,267 Ala. 518, 103 So.2d 158 (1958). In making its determination, the jury may reject all expert testimony though it is without conflict. Hockenberry v. State, 246 Ala. 369, 20 So.2d 533
(1945); George v. State, 240 Ala. 632, 200 So. 602 (1941);Parrish v. State, 139 Ala. 16, 36 So. 1012 (1903). However, opinion testimony, even of experts in insanity cases, must be weighed by the jury and may not be arbitrarily ignored. Pickettv. State, 37 Ala. App. 410, 71 So.2d 102, cert. denied, 260 Ala. 699, 71 So.2d 107 (1954); Boyle v. State, 229 Ala. 212,154 So. 575 (1934).
We are cognizant on this appeal of these general rules with respect to pleas of insanity and also of the great weight to be given verdicts of juries. However, an exception must be allowed in cases where the proof of insanity is overwhelming and uncontradicted. This court stated the following in Boyle v.State, 229 Ala. 212, 222, 154 So. 575, 583 (1934): *Page 625 
 "Cases of insanity may be so clear, the proof so strong and undisputed, that the jury should be instructed in like form."
To sustain the burden of the issue of insanity raised by his plea, the appellant introduced testimony of three psychiatrists, each of whom testified that Christian was insane at the time he committed the homicide. The record also shows Christian had a history of mental disorders and had been admitted to Bryce Hospital on several occasions prior to the homicide. Members of Christian's immediate family testified to the following unusual behavior of their brother prior to the homicide: talking to a television set; imagining that every radio and television set contained a microphone to spy on him; imagining that red and blue subversives were out to get him through the use of their control over all the birds; believing that he was Jesus and possessed by the devil; believing that he saw winged monsters; and pretending he was talking to deceased relatives.
One of the police officers, who finger-printed Christian after his arrest, testified that later the same night Christian made other unusual statements such as, "It is in the stars," "I can see it in the stars," "I can see it in the future," "It is in my eyes."
The State presented no expert testimony concerning Christian's sanity, but points to the testimony of Miss Joyce Williams, Christian's sister, on this issue. Her testimony in part was that in 1972 a Bryce Hospital case worker told her and her mother that Christian was in good condition and that if he would take the medication prescribed for him he could live among normal people. Miss Williams also stated that her mother told her on one occasion that Christian had said he would kill her if she tried to put him back in Bryce Hospital. No objection was made to the introduction of this testimony.
After a consideration of the foregoing testimony presented at trial, we are convinced that the overwhelming evidence presented by appellant has amply overcome the presumption of sanity as to this accused. This being so, it necessarily follows that the jury verdict in this case is contrary to the preponderance of the evidence and that this cause must be reversed.
The second point urged as error by appellant concerns remarks made by the prosecution during closing argument. By utilizing Rule 10 (d), ARAP, Christian's attorney made the following statements, which are attributed to the district attorney in his closing argument, part of this record:
 "1. They are (Bryce Hospital) saying that he was insane then but is probably competent to walk the streets of Tuscaloosa today.
 "2. But let me remind you that when he was released in 1971 he was ruled competent to live among normal people, and the next year he murdered his mother.
 "3. Ladies and gentlemen, I live in this town (Tuscaloosa) and you know what our problems are.
 "4. If you return a verdict of not guilty by reason of insanity against this man, this means this man is scott free — free to walk the streets of Tuscaloosa again."
On many occasions this court has held that statements similar to those made in this case are improper. Allred v. State,291 Ala. 34, 277 So.2d 339 (1973); Dunn v. State, 277 Ala. 39,166 So.2d 878 (1964); Boyle v. State, 229 Ala. 212, 154 So. 575
(1934); Anderson v. State, 209 Ala. 36, 95 So. 171 (1922).
Whether the improper argument calls for reversal is judged on the prejudicial effect of the entire argument and this Court will consider the issues, the parties, and the general circumstances of each case to arrive at a conclusion. In this case the cumulative effect of the quoted portions of the prosecution's closing argument were so highly prejudicial that their utterance constituted reversible error.
The state makes two arguments concerning this issue. First it contends that since no timely objection was entered at the time these statements were made, the question of their prejudicial effect has not been preserved for appellate review. Secondly, the state argues that even assuming these *Page 626 
statements had a prejudicial effect any error was cured by the following jury instruction:
 "Now, on the other hand, ladies and gentlemen, if you analyze the evidence in this case that has been presented to you and you are reasonably satisfied that at the time of the commission of the act charged that this defendant was legally insane as I have defined it to you, it would be your duty to find him not guilty by reason of insanity and then the matter would further actually be up to the Court." (Emphasis supplied).
The ineradicable error rule in this jurisdiction provides an exception to the general rule that improper argument of counsel is not a ground for a new trial or even the subject for review upon appeal unless there has been a timely objection by counsel or a motion to exclude, a ruling thereon by the Court, or a refusal of the Court to make a ruling. Nichols v. State,267 Ala. 217, 100 So.2d 750 (1958); Washington v. State, 259 Ala. 104, 65 So.2d 704 (1953); Anderson v. State, 209 Ala. 36,95 So. 171 (1922).
This Court in Nichols v. State, 267 Ala. 217, 100 So.2d 750
(1958), stated the ineradicable error rule in the following manner:
 "An exception to this general rule, requiring appropriate objection or motion invoking corrective instruction or action by the trial court, is where the remark or argument of counsel (or court) is so grossly improper and highly prejudicial to the opposing party as that neither retraction nor rebuke by the trial court would have destroyed its sinister influence. Anderson v. State, 209 Ala. 36, 95 So. 171."
Id., at 221, 100 So.2d at 753.
Counsel for Christian raised the issue of the prejudicial remarks of the prosecution in his motion for new trial and because the remarks were so highly prejudicial as to constitute ineradicable error his motion for new trial preserved the issue for our review. Pearson v. Birmingham Transit Company, 264 Ala. 350, 87 So.2d 857 (1956); McLemore v. International Union,Etc., 264 Ala. 538, 88 So.2d 170 (1956); National Biscuit Co.v. Wilson, 256 Ala. 241, 54 So.2d 492 (1951).
We hold that the closing argument of the prosecution constituted ineradicable error which was not cured by the instruction given the jury.
Accordingly, this case is reversed and remanded.
REVERSED AND REMANDED.
BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.