The Jefferson County Grand Jury indicted Horace Lee Graham for first degree murder and charged him with killing Evelyn Williams Graham by "shooting her with a pistol and a shotgun."
At arraignment, the appellant pleaded not guilty and not guilty by reason of insanity. A jury found him guilty of murder in the first degree and fixed his punishment at life imprisonment. An appeal was taken on the day of sentencing, and the case is now before this court for review.
The facts in this case are not contested. About 9:00 A.M. on December 9, 1977, the victim, Evelyn Williams Graham, was riding with her brother, John Catlin, when they stopped in front of the Jefferson County Courthouse in Birmingham, Alabama. Subsequently, the appellant, who had followed his former wife, stopped his vehicle, got out, walked to the passenger side of the car in which his former wife was sitting, and fired several rounds from a handgun and a shotgun. The shots severely wounded Catlin and killed Mrs. Graham.
During the trial, the victim's mother, Johnnie Mae Williams, testified that "somewhere close to Thanksgiving" she heard the appellant talking to her daughter. In the telephone conversation, the appellant said that "he was going to get" Evelyn Williams Graham "in the courthouse" and that he would get away with it by pleading insanity.
John Lee Catlin testified that the victim was his sister and that he had known the appellant, his former brother-in-law, for seven or eight years. He said that he and his sister had been followed by the appellant from Catlin's house to the courthouse. The witness stated that his sister got out of the car, screamed, then jumped back into the car. At that point, he saw the appellant walk to the side of the car with a shotgun. Catlin said that the appellant fired about four shots into the car. After one shot hit Catlin in the back, the appellant kept on shooting. Further, Catlin testified that, in his opinion, the appellant was of sound mind on December 9, 1977.
The evidence presented by the defense consisted of expert testimony of Dr. Thomas Smith, Jr., a psychiatrist, and expert testimony of Dr. Edwin Segar, a clinical psychologist at Bryce Hospital. These expert witnesses were members of the Forensic Evaluation Board of Bryce Hospital who evaluated the appellant and found him to be insane at the time of the offense. Dr. Smith stated that he had observed the appellant on sixteen separate occasions over a period of one year. Dr. Segar said that he had seen the appellant "practically daily" over a year's time. Both experts testified that the appellant was insane at the time of the shooting.
 I
The appellant complains that the trial court abused its discretion during voir dire examination of the jury when the court refused to allow the defense attorney to ask the jury panel further questions. The appellant argues that the prosecution was permitted to examine the venire on two occasions and that it was improper for the court not to permit the appellant to question the venire a second time.
The pertinent part of the record which shows the incident in question reads as follows:
 "MR. RUSSELL: A psychiatrist is a medical doctor who specializes in psychiatry, as you well know. The fact that there will be psychiatrists testifying in this case, could you weigh their testimony as you could weigh all other parties' testimony and take the instructions from the Court in the subject? *Page 894 
 "JUROR DAVIS: I believe I could, although I don't know what the law is.
 "MR. RUSSELL: Due to the fact that you are a physician and these people are psychiatrists and physicians, would you give any more credence to their testimony than you would a lay witness' testimony?
 "MR. McDONALD: We object to the form of that question. It's a different type of testimony, Judge.
 "THE COURT: That is expert testimony as opposed to lay witness testimony and he would be authorized to do that.
 "MR. RUSSELL: All right. If a lay witness testified that in his opinion the defendant was not insane and a psychiatrist testified that in his opinion the defendant was insane, both parties and both testimonies being brought to you, would you give more credence to the psychiatrist's testimony than you would to the lay witness' testimony?
 "MR. McDONALD: We object to the question, may it please the Court.
"THE COURT: I'll let him ask it.
"JUROR DAVIS: Yes, I would.
 "(Thereupon, Mr. Russell asked no further questions of the jury venire on voir dire, behalf of the State, after which the following proceedings were then had and done:)
"MR. McDONALD: May I ask one more question?
"THE COURT: No, sir."
As can be seen from this quoted portion of the record, no objection was made to the trial court's ruling, nor was there an adverse ruling made by the trial judge. Under these circumstances, no legal issue is preserved for appellate review. Connor v. State, 52 Ala. App. 82, 289 So.2d 650; Jacksonv. State, 260 Ala. 641, 71 So.2d 825; Irons v. State,42 Ala. App. 349, 165 So.2d 125.
We recognize, as the appellant has recognized in brief, that the voir dire examination of veniremen is within sound discretion of the trial court. However, although we have not reached the question concerning whether or not this was an abuse of discretion due to the fact that no timely objection has been made, we hasten to comment that without some showing that the question was repetitive, argumentative, or immaterial the defense attorney's request should have been granted.
 II
At the close of the testimony by the defense and upon conclusion of the case, the appellant moved for a directed verdict on the grounds "that the evidence is overwhelming and uncontradicted." In support of this motion, he cited to the trial court Herbert v. State, Ala.Cr.App., 357 So.2d 683, andChristian v. State, Ala.Cr.App., 351 So.2d 623.
In Herbert, supra, lay witnesses and expert witnesses testified that the appellant was insane at the time of the crime. However, as this court pointed out in Herbert, the jury had no facts from which it could draw an inference that the appellant was in fact sane.
In Christian, supra, three psychiatrists testified that Christian was insane at the time of the homicide. Further, there was testimony covering appellant's history of mental disorders and covering appellant's having been admitted into the Bryce mental hospital on several occasions prior to the homicide. No testimony was shown which would in any way contradict the testimony of insanity.
The question of insanity at the time of the commission of the crime is for the determination of the jury. Carr v. State,43 Ala. App. 642, 198 So.2d 791; Hawkins v. State, 267 Ala. 518,103 So.2d 158. The jury, in determining this question, may reject expert testimony of insanity even though it is without conflict. Hockenberry v. State, 246 Ala. 369, 20 So.2d 533;George v. State, 240 Ala. 632, 200 So. 602. However, inChristian, supra, the Alabama Supreme Court stated that a jury may not arbitrarily ignore the testimony of experts on the question of insanity. The court said that, although great weight must be given to a jury's verdict after they have *Page 895 
considered a matter involving a plea of insanity, there is an exception where the proof of insanity is overwhelming and uncontradicted.
In the present case, two expert witnesses and the appellant's former brother-in-law, Catlin, testified regarding the state of mind of appellant at the time of the shooting. Catlin testified that he had known the appellant for seven or eight years, and it was Catlin's opinion that, at the time of the shooting, the appellant was of sound mind. The present case, unlike Herbert
and Christian, does contain some evidence that contradicts the testimony alleging the appellant's insanity. The evidence of insanity in the present case was not overwhelming and did not overcome the presumption of sanity. Under these facts, it is our judgment that the jury verdict was not contrary to the preponderance of evidence and that the case is due to be affirmed.
AFFIRMED.
All the Judges concur.