426 So.2d 484 (1982)
Larry D. CUNNINGHAM
v.
STATE.
8 Div. 680.
Court of Criminal Appeals of Alabama.
October 12, 1982.
Rehearing Denied November 23, 1982.
Certiorari Denied February 11, 1983.
*485 Earl D. McNeal, Huntsville, for appellant.
*486 Charles A. Graddick, Atty. Gen., and Jennifer M. Mullins, Asst. Atty. Gen., for the State.
Alabama Supreme Court 82-211.
BOWEN, Judge.
The defendant was indicted and convicted for the murder of Gary Vice. Sentence was forty years' imprisonment.
The defendant argues on appeal, as he did at trial, that there was no evidence to refute the evidence of his insanity at the time he committed the crime. He contends that the evidence of insanity overcame the presumption of sanity and that his conviction is due to be reversed.
"A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law." Alabama Code 1975, Section 13A-3-1(a). The legal principles governing the burden and sufficiency of proof of insanity were collected in Christian v. State, 351 So.2d 623 (Ala. 1977).
"Those principles may be summarized as follows:
"1. By statute, there is a presumption of sanity extending to all persons over the age of 14.
"2. The defense of insanity is an affirmative defense. The burden of proving this defense rests upon the defendant and never shifts to the state.
"3. The burden upon the defendant is to establish the issue of legal insanity by a preponderance of the evidence and to the reasonable satisfaction of the jury.
"4. The question of insanity at the time of the commission of the crime is a matter to be determined by the jury from a consideration of all the evidence.
"5. In making its determination, the jury may reject all expert testimony though it is without conflict.
"6. However, opinion testimony, even of experts must be weighed by the jury and may not be arbitrarily ignored.
"Authority for each of these principles may be found in Christian, supra, at 351 So.2d 624.
"The one exception to these rules is found in those cases where the proof of insanity is overwhelming and uncontradicted.
"`Cases of insanity may be so clear, the proof so strong and undisputed, that the jury should be instructed in like form.' Boyle v. State, 229 Ala. 212, 222, 154 So. 575, 583 (1934)."

Herbert v. State, 357 So.2d 683, 688-89 (Ala.Cr.App.), cert. denied, 357 So.2d 690 (Ala.1978).
Generally, see Anno. 17 A.L.R.3d 146 (1968).
The presumption of sanity relieves the State of any affirmative duty to prove that the defendant was in fact sane and responsible for his actions until evidence to the contrary is produced and the presumption of sanity is rebutted. Alabama Code 1975, Section 15-16-2.
"(I)nasmuch as the law presumes sanity, that presumption, like that of innocence, should prevail throughout the trial, until it is overcome. And whether the evidence of insanity arise out of the testimony which proves the homicide, or is shown aliunde, reason and analogy alike declare it insufficient, until it overcomes the presumption of sanity."

Boswell v. State, 63 Ala. 307, 325, 35 Am.Rep. 20 (1880).
Although the presumption of sanity can be overcome or rebutted, the accused is not entitled to a directed verdict on the issue of insanity unless the evidence of insanity is clear, strong and undisputed. Boyle v. State, 229 Ala. 212, 222, 154 So. 575 (1934).
"But courts should be careful not to invade the province of the jury in cases of this character. Although the evidence may be offered only by the defense, and all tend to one conclusion, yet, in view of the presumption of sanity, if the evidence is inconclusive, and reasonable inferences may be drawn that the act was that of a sane man as defined by law, the affirmative charge should be refused." Boyle, 229 Ala. at 222, 154 So. 575.
*487 This is because "the general proposition that most men are sane creates so strong a probability that the specific defendant is sane that the party asserting the contrary is required to carry the burden not only of producing evidence, but of persuading." H. Weihofen, Mental Disorder As A Criminal Defense 315 (1954). The presumption of sanity prevails until the contrary is established to the reasonable satisfaction of the jury. Weihofen at 215. "(I)n view of the presumption of sanity, if the evidence (of insanity) is inconclusive, and reasonable inferences may be drawn that the act was that of a sane man as defined by law, the affirmative charge should be refused." Boyle, 229 Ala. at 222, 154 So. 575.
In exceptional cases of insanity, the proof may be "so strong and undisputed that the jury should be instructed in like form." Boyle, 229 Ala. at 223, 154 So. 575; Hocutt v. State, 344 So.2d 194 (Ala.Cr.App.1977); Smith v. Smith, 54 Ala.App. 237, 307 So.2d 47 (1975). "The jury ... cannot disregard an overwhelming mass of uncontradicted evidence of insanity on the part of the defendant and convict him on the legal presumption of sanity." 30 Am.Jur.2d Evidence, Section 1161 (1967). These exceptional cases are few and on only five occasions have the appellate courts of this state found that the jury's verdict was contrary to the overwhelming and conclusive evidence of insanity. In chronological order those cases are: Pickett v. State, 37 Ala. App. 410, 71 So.2d 102 (1953), cert. denied, 260 Ala. 699, 71 So.2d 107 (1954); Christian v. State, 351 So.2d 623 (Ala.1977); Herbert v. State, 357 So.2d 683 (Ala.Cr.App.), cert. denied, 357 So.2d 690 (Ala.1978); Woods v. State, 364 So.2d 1178 (Ala.Cr.App.), cert. denied, 364 So.2d 1186 (Ala.1978); Sasser v. State, 387 So.2d 237 (Ala.Cr.App.), cert. denied, 387 So.2d 244 (Ala.1980). These cases represent the exception to the general rule that the issue of insanity is for the jury. "(A)lthough great weight must be given to a jury's verdict after they have considered a plea of insanity, there is an exception where the proof of insanity is overwhelming and undisputed." Graham v. State, 383 So.2d 892, 895 (Ala.Cr.App.), cert. denied, 383 So.2d 895 (Ala.1980).
In Pickett v. State, 37 Ala.App. 410, 71 So.2d 102 (1953), cert. denied, 260 Ala. 699, 71 So.2d 107 (1954), the testimony presented by law and expert witnesses led to "the necessary conclusion that this appellant is a congental mental deficient." 37 Ala.App. at 413, 71 So.2d 102.
"If this conviction be sustained, it can only be done on the bare assumption of sanity prevailing to every accused.
"The undisputed and substantial evidence as to this accused's mental defectiveness must be deemed to have overcome this presumption."
37 Ala.App. 415, 71 So.2d 102.
Testimony presented showed that Pickett was mentally defective and an imbecile before, at the time of, and after the commission of the offense.
In Christian v. State, 351 So.2d 623 (Ala. 1977), the evidence also showed that Christian had a history of mental disorders prior to the homicide, including admission to Bryce Hospital on several occasions. Although the defense presented three psychiatrists who testified that Christian was insane at the time he committed the homicide, the State presented no expert testimony concerning Christian's sanity. The only evidence which could arguably be used to rebut the evidence of insanity was the testimony of Christian's sister.
"Her testimony in part was that in 1972 (Christian was indicted in October of 1972) a Bryce Hospital case worker told her and her mother that Christian was in good condition and that if he would take the medication prescribed for him he could live among normal people. Miss Williams also stated that her mother told her on one occasion that Christian had said he would kill her if she tried to put him back in Bryce Hospital." Christian, 351 So.2d at 625.
The court found that "the overwhelming evidence presented by appellant has amply overcome the presumption of sanity as to this accused." 351 So.2d at 625.
In Herbert, supra, this Court found that "(f)rom all the evidence we see no facts *488 which would support a reasonable inference that the homicide was that of a sane man as defined by law." 357 So.2d at 689.
"Finally, there was apparently nothing before the jury to rebut the great mass of testimony directly showing actual insanity before, at the time of, and after the act in question. In other words, there were simply no facts before the jury from which opposing inferences might have been rationally drawn. Here, the evidence of insanity is not merely strongly persuasive; it is conclusive.
"There was no evidence that the appellant was sane aside from the mere presumption of sanity."
357 So.2d at 689.
In Woods v. State, 364 So.2d 1178 (Ala.Cr. App.), cert. denied, 364 So.2d 1186 (Ala. 1978), this Court found, and the Supreme Court agreed, that "the preponderance and weight of the evidence in this case was sufficient to overcome the statutory presumption of sanity attending defendant." 364 So.2d at 1187. Two psychiatrists testified that Woods was insane at the time he committed the murder. One psychiatrist was a member of the Forensic Board that evaluated Woods when he was sent to Bryce Hospital by the court for mental examination before his trial. The second psychiatrist was a consultant on the Forensic Board who examined Woods at the request of the court while Woods was at Bryce. Woods' appointed attorney, who had withdrawn from representing Woods, also testified that Woods was insane.
In its case in chief the State introduced the testimony of the two arresting officers that they had observed "nothing unusual" about Woods or his appearance despite the fact that when they first saw Woods he was running down the road hollering that he was the one that had stabbed and killed the little girl.
On rebuttal, the State adduced testimony from two lay witnesses that Woods was sane. Melvin Hillman was a prisoner serving time in the county jail for possessing marijuana. He testified that he had known Woods for about one year and a half before the homicide. When asked if he had an opinion or judgment if Woods was sane or insane he answered, "I can't be definite in saying yes I know." On recall, Hillman testified that Woods "was very sane" at the time of the crime yet he admitted that he had seen Woods "act strange", and that Woods had told him things he "wouldn't believe" which Hillman described as "a fantasy."
State's witness Darlene McGuire initially testified that Woods was sane but when asked if she would think that Woods was insane if the story he had told her about "little girls messing around with white boys" was not true, McGuire replied, "I guess he was insane, I just don't know."
In finding that "the preponderance and weight of the evidence sustained the plea of insanity and was sufficient to overcome the statutory presumption of sanity", this Court commented on the testimony of the State's witnesses McGuire and Hillman.
"We are impressed that the testimony of the State's lay witnesses was weak and inconclusive and certainly was not supported by any inference that they had any knowledge of the different types of insanity, the causes, or the symptoms that manifest the disease. They were just random witnesses whose knowledge of legal insanity was nil. However, the testimony of these witnesses was admissible for consideration of the jury." 364 So.2d at 1186 (emphasis added).
In Sasser v. State, 387 So.2d 237 (Ala.Cr. App.), cert. denied, 387 So.2d 244 (Ala.1980), this Court held that "there is no evidence by which the testimony of two unimpeached and unimpeachable experts, to the effect that defendant was insane at the time of the alleged crime, may be disparaged." 387 So.2d at 243. Apart from the bare statutory presumption of sanity, there was no evidence to support an inference of Sasser's sanity. The undisputed and substantial evidence of insanity simply overcame the statutory presumption of sanity.
Where conflicting evidence is presented on the issue of insanity, the question *489 should be submitted to the jury. Nichols v. State, 276 Ala. 209, 213, 160 So.2d 619 (1964). Although the sufficiency of the evidence is a question for the jury, whether or not there was any evidence to substantiate the plea of insanity is a question for the court. Knight v. State, 273 Ala. 480, 489, 142 So.2d 899 (1962); McKinnon v. State, 405 So.2d 78, 80 (Ala.Cr.App.1981). Where there is no evidence to establish the plea of insanity, the trial judge may take that issue from the jury. Griffin v. State, 284 Ala. 472, 225 So.2d 875 (1969); Walker v. State, 269 Ala. 555, 560, 114 So.2d 402 (1959); Miles v. State, 50 Ala.App. 70, 72, 277 So.2d 104, cert. denied, 291 Ala. 792, 277 So.2d 107 (1973).
In determining whether the evidence of insanity was overwhelming, a reviewing court must also consider and be guided by additional principles. Expert testimony is not conclusive on the jury and may be rejected even though it is without conflict. Christian, 351 So.2d at 624. The jury may reject expert testimony "in toto" and even if undisputed. Breen v. State, 53 Ala.App. 588, 595, 302 So.2d 562 (1974). See also, Hockenberry v. State, 246 Ala. 369, 371, 20 So.2d 533 (1945); George v. State, 240 Ala. 632, 637, 200 So. 602 (1941); Parrish v. State, 139 Ala. 16, 44, 36 So. 1012 (1903). "The jury may treat the testimony of experts as it deems best in connection with the facts and circumstances of the case." Smith v. Smith, 254 Ala. 404, 411, 48 So.2d 546 (1950).
However, a jury may not arbitrarily reject or ignore expert testimony of insanity.
"The opinions of medical men, under a plea of insanity, are by no means binding on juries even when such experts have had ample opportunity to observe the character and phenomena of defendant's disease; such opinions being admitted to be weighed with the other evidence; and, if the whole evidence does not clearly prove to the reasonable satisfaction of the jury that insanity (such as is recognized to excuse crime) existed at the time the act was done, the jury may find the defendant guilty (if the other facts warranted the verdict), although the medical witnesses were of the opinion that the prisoner was insane at the time of the commission of the offense."

Anderson v. State, 209 Ala. 36, 40, 95 So. 171 (1923) (emphasis added).
See also McAllister v. State, 17 Ala. 434, 438, 52 Am.Dec. 180 (1850); Pickett, 37 Ala.App. at 414, 71 So.2d 102. "The jury is not bound to accept expert testimony if there is other legal evidence to support their verdict." White v. State, 346 So.2d 22, 23 (Ala.Cr.App.), cert. denied, 346 So.2d 26 (Ala.1977). A jury's verdict cannot be labeled arbitrary or patently erroneous if the jury had "ample facts from which to draw an inference that the accused was in fact sane" even if all the expert testimony was that he was insane. Bullard v. State, 408 So.2d 164, 167 (Ala.Cr.App.), cert. denied, Ex parte Bullard, 408 So.2d 167 (Ala. 1982).
The testimony of experts "cannot be ignored any more than any other credible evidence in the case can be." 23 C.J.S. Criminal Law, Section 891 (1961). "The opinions of expert witnesses as to insanity are not conclusive upon the jury; They are to be weighed like other evidence." Parrish v. State, 139 Ala. 16, 44, 36 So. 1012 (1904). The jury must "weigh the expert evidence in connection with other evidence, indulging the presumption the law declares." Boyle, 229 Ala. at 224,154 So. 575. In summary, it may be stated:
"The weight of the opinion of a witness, whether a physician, expert, or layman, as to sanity, insanity, or other mental condition of another person is to be determined by the jury or other trier of facts in connection with the other evidence and all the facts and circumstances. While the opinion is not binding or conclusive, and it is not exclusive, so as to preclude the jury from considering evidence of acts and conduct, nevertheless the opinion of an expert is not to be arbitrarily disregarded."
23 C.J.S. Criminal Law, Section 891 (1961).
*490 When the accused has offered evidence sufficient to overcome the presumption of sanity, the State is not required to prove his sanity. Howard v. State, 172 Ala. 402, 408, 55 So. 255 (1911). Insanity is an affirmative defense which must be proven by the defendant to the reasonable satisfaction of the jury. The burden of proving insanity never shifts to the State but remains on the defendant throughout the trial. Grammer v. State, 239 Ala. 633, 196 So. 268 (1940). "(A) reasonable doubt of sanity, raised by all the evidence, does not authorize an acquittal." Boswell, 63 Ala. at 326. "It would be an anomaly to require the State to prove a fact which the law presumes to exist, and to authorize such fact to be overturned by the injection into the case of a reasonable doubt of its existence. Such is not the law." Maxwell v. State, 89 Ala. 150, 164, 7 So. 824 (1890). "Thus, where the whole evidence does not satisfy the minds of the jury that the accused is insane at the time of the commission of the crime with which he is charged, the jury should convict the defendant, notwithstanding that the medical witnesses were of the opinion that such person was insane." 31 Am.Jur.2d Expert And Opinion Evidence, Section 186 (1967). The very manner in which the crime was planned, executed or concealed may indicate such a consciousness of guilt and awareness of criminality that the question of sanity was for the jury even though all the expert defense testimony concluded that the defendant was insane. Boyle, 229 Ala. at 224, 154 So. 575.
A review of all the evidence in this case reveals that the jury's verdict was neither arbitrary nor based solely on the statutory presumption of sanity. There was evidence to support a finding that the defendant was legally responsible for the murder.
At trial, the evidence presented by the defendant consisted solely in the expert testimony of a clinical psychologist with the Huntsville-Madison County Mental Health Center and a staff psychiatrist with Bryce State Mental Hospital. Both experts testified that the defendant was a paranoid schizophrenic. The defendant had a history of mental illness. Their testimony authorized, but did not compel, a verdict of not guilty by reason of insanity.
Despite the strength and impressive nature of their testimony, there were also facts which authorized the reasonable inference that the defendant was sane. The victim was stabbed once in the back. Almost immediately after the stabbing the defendant "took off" and tried to flee when he spotted the police. "Hiding or attempting escape has been admitted as evidence of sufficient sanity to be conscious of guilt." Weihofen at 315. "Flight from justice, and its analogous conduct, have always been deemed indicative of a consciousness of guilt." 2 Wigmore, Evidence Section 276(4) (Chadbourn rev. 1979). Ordinarily, the issue of insanity is for the jury where the evidence discloses "conscious guilt" at the moment of the crime. Boyle, 229 Ala. at 224, 154 So. 575.
The defendant responded to and obeyed the commands of the arresting officer. After being taken into custody and placed in a patrol car, the defendant attempted to hide the murder weapon under the back seat. The psychologist testified that this indicated that the defendant was concerned with avoiding the legal consequence of his act, although "theoretically" the defendant could "still not recognize that his act was wrong."
The arresting officer testified that the defendant was "unusually calm", that he did not get irrational, that he was coherent and that he acted normal.
Approximately two hours after the murder, the defendant waived his Miranda rights. The experts testified that a knowing and intelligent waiver would have been possible despite the fact that the defendant did not know right from wrong and could not have conformed his conduct to the requirements of law at the time of the crime. The defendant was questioned by the police and his responses "were normal for a person under the stress that he would have been under at that time."
There was an element of revenge in the murder. The defendant told the *491 police that about a month before the killing the victim threw a package of cigarettes at him, cursed him and sold him gasoline that contained water. After that the victim's spirit "took possession" of the defendant's body. The defendant admitted stabbing and killing the victim as "the only way to get rid of the man's spirit." Statements of the accused shortly after the commission of the crime showing hostility toward the victim are properly admitted to allow the jury "to be enabled properly to characterize the act." Kilpatrick v. State, 213 Ala. 358, 362, 104 So. 656 (1925).
The defendant told the psychologist that God told him to kill the victim and that he was protecting himself from harassment by the victim which took the form of rudeness.
The defendant's conduct and demeanor immediately after the crime provided a reasonable inference of sanity. Although the experts testified that this conduct was not inconsistent with insanity, whether it was consistent or inconsistent presented a question for the jury. "(C)almness, indifference to results, consciousness of the moral or legal criminality of the act, with connectedness in the employment of the reasoning faculty, while not conclusive evidence of sufficient sanity to justify criminal punishment, are nevertheless strong circumstances tending to prove legal accountability." Boswell, 63 Ala. 307, 320, 35 Am.Rep. 20 (1880).
In weighing the probative value of the expert testimony the jury was entitled to consider the facts that the psychologist interviewed the defendant four months after the crime for a total time of only fortyfive minutes. Although all the symptoms were "very consistent with the diagnosis of paranoid schizophrenia", the psychologist did not render a "formal diagnosis" because he needed to spend more time with the defendant and have more access to his history. The opportunity for study and observation of the person whose sanity is questioned are important factors the jury should consider in evaluating the weight to be accorded an expert's opinion.
The psychiatrist's opinion was formulated during three interviews beginning eleven months after the crime. His evaluation began with an initial interview of forty-five minutes and was followed by two other interviews of shorter durations which occurred after the defendant's improvement through drug therapy. The psychiatrist recognized that the defendant was trying to "look sicker" than he actually was. "No defense, perhaps, is more easily simulated than this." Boswell, 63 Ala. at 316.
The testimony of the defendant's experts should be weighed by the jury in light of the fact that both examinations were made subsequent to the crime. Farley v. State, 34 Ala.App. 54, 60, 37 So.2d 434, cert. denied, 251 Ala. 391, 37 So.2d 440 (1948).
Upon a consideration of all the principles catalogued above and after a thorough review of the record, this Court affirms the judgment of the circuit court. "(T)he workings of a diseased mind are so variant, that it is difficult to lay down an absolute rule for the government of all cases. Each case must depend, more or less, on its own particular facts." Boswell, 63 Ala. at 320. Compare Bowen v. State, 386 So.2d 489 (Ala.Cr.App.), cert. denied, 386 So.2d 492 (Ala.1980), with Woods, supra.
In view of the fact of the settled doctrines reflected in the authorities we have cited, we think that under the particular facts and circumstances of this case we have no right or authority to disturb the verdict of the jury. The fact that we might have reached a conclusion different from that of the jury had the case been presented to us for original decision "does not warrant a reversal of a cause in which a jury, exercising their solemn prerogative to determine the issues, has rendered a verdict which is supported by substantial evidence, and which verdict cannot rationally be said to be arbitrary." Fitzhugh v. State, 35 Ala.App. 18, 26, 43 So.2d 831, cert. denied, 253 Ala. 246, 43 So.2d 839, cert. denied, 339 U.S. 986, 70 S.Ct. 1007, 94 L.Ed. 1388 (1950).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

*492 ON REHEARING
BOWEN, Judge.
The sixth case in Alabama in which the proof of insanity was so strong and undisputed that the verdict of guilty was contrary to the overwhelming and conclusive evidence of insanity is Smith v. State, 411 So.2d 839 (Ala.Cr.App.1981), cert. denied, Ala.1982. There this Court stated:
"For all that appears from the record, we can find no facts which would give rise to a reasonable inference to sustain the jury's conclusion that appellant's act was that of a sane man; hence the conviction could only prevail because of the rebuttable statutory presumption of sanity. Because we consider the appellant has conclusively overcome this presumption of sanity by the great preponderance of the evidence, the jury's decision cannot stand."
Smith, 411 So.2d at 843.
The evidence of Smith's insanity from both experts and lay witnesses was undisputed and uncontradicted by the evidence presented by the State.
Unlike Smith, the evidence in the case before us was not so conclusive, strong and overwhelming that it mandated that the jury find that the defendant was insane at the time the crime was committed.
OPINION EXTENDED;
APPLICATION FOR REHEARING OVERRULED.
All Judges concur.