TYSON, Judge.
Arthur Thompson was indicted for assault in the first degree in violation of § 13A-6-20, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” and the trial judge set sentence at 15 years’ imprisonment in the penitentiary, pursuant to the Habitual Felony Offender Act.
On March 10, 1982, Joe Riggins was at his home on Scott Street in Montgomery. His cousin, the appellant, was also at Rig-gins’ home. The appellant had been living with Riggins for approximately one month prior to this incident, following his release from Bryce Hospital.
At some point, while Riggins was watching television, the appellant accused Rig-gins of drinking his gin and hit Riggins with the gin bottle. Riggins pushed the appellant and ran next door into his neighbor’s house and the paramedics and police were called. Riggins received stitches on his head and chin as a result of this incident and remained hospitalized for several days.
I
The sole issue the appellant raises on appeal concerns the sanity of appellant at the time of the offense charged. He asserts the evidence of his insanity was so overwhelming that the jury’s verdict was contrary to the evidence.
Therefore, his motion for judgment notwithstanding the verdict or in the alternative, his motion for new trial should have been granted.
“ ‘A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.’ Alabama Code 1975, Section 13A-3-l(a). The legal principles governing the burden and sufficiency of proof of insanity were collected in Christian v. State, 351 So.2d 623 (Ala.1977).
“ ‘Those principles may be summarized as follows:
“ ‘1. By statute, there is a presumption of sanity extending to all persons over the age of 14.
“ ‘2. The defense of insanity is an affirmative defense. The burden of proving this defense rests upon the defendant and never shifts to the state.
“ ‘3. The burden upon the defendant is to establish the issue of legal insanity by a preponderance of the evidence and to the reasonable satisfaction of the jury.
“ ‘4. The question of insanity at the time of the commission of the crime is a *755 matter to be determined by the jury from a consideration of all the evidence.
“ ‘5. In making its determination, the jury may reject all expert testimony though it is without conflict.
“ ‘6. However, opinion testimony, even of experts must be weighed by the jury and may not be arbitrarily ignored.
“ ‘Authority for each of these principles may be found in Christian, supra, at 351 So.2d 624.
“ ‘The one exception to these rules is found in those cases where the proof of insanity is overwhelming and uncontra-dicted.
“ ‘Cases of insanity may be so clear, the proof so strong and undisputed, that the jury should be instructed in like form.’ Boyle v. State, 229 Ala. 212, 222, 154 So. 575, 583 (1934).
“Herbert v. State, 357 So.2d 683, 688-89 (Ala.Cr.App.), cert. denied, 357 So.2d 690 (Ala.1978). Generally, see Anno. 17 A.L. R.3d 146 (1968).”
Cunningham v. State, 426 So.2d 484 (Ala.Crim.App.1982), cert. denied, (Ala., February 11, 1983), and cases cited therein.
The evidence in this case showed that the appellant had been in and out of mental hospitals for twenty years and had been released from Bryce only a month prior to this incident. During the month following his release, Riggins and the appellant’s mother had tried to get the appellant readmitted at Bryce, but Bryce Hospital refused. Shortly after the incident Alan Stewart, the Associate Clinical Director for the Montgomery Area Mental Health Authority, who was familiar with the appellant’s mental problems, examined the appellant. Stewart recommended the appellant be sent to Bryce for further examination. The evaluation done by Bryce Hospital determined that the appellant had a “Schizophrenic Disorder, Paranoid, Chronic with Acute Exacerbation.” (R. 69). The appellant was found to be in the borderline range of intellectual activities.
In conclusion, the evaluation stated that the appellant was competent to stand trial but in the opinion of the staff, the appellant was suffering from a mental disease at the time of the offense charged, and therefore, “lacked the substantial capacity to appreciate the criminality of his conduct and to conform his conduct to the requirements of law” at the time of the offense. (R. 70).
The appellant contends this evidence was so overwhelming that it overcame the presumption of sanity. We do not agree.
“Even though evidence of an accused’s insanity is overwhelming, it must also be undisputed for this court to find that the jury’s verdict was contrary to the evidence presented at trial. Cunningham, supra.” Mastin v. State, 455 So.2d 244 (Ala.Crim.App.1984). While we believe there was ample evidence of the appellant’s insanity, we do not believe it was undisputed.
First of all, Riggins testified that the appellant had not had any problems in the last month and that the appellant was fine when he was on his medication. There was no evidence presented at trial which would lead the jury to believe the appellant was not taking his medicine.
Secondly, Riggins testified that the appellant had been drinking the day he assaulted Riggins. The appellant apparently got upset with Riggins because he thought Riggins had drunk his gin. While we do not condone this action nor believe the average person vents his anger in this manner, it is clear that the appellant struck Riggins for a reason. He did have some provocation. The appellant did not strike Riggins without an apparent reason as defense counsel contends.
Thirdly, the appellant had been released from Bryce Hospital and had been refused readmission in the month prior to the incident. The jury could have assumed that Bryce Hospital would not have released the appellant or would have readmitted him if they believed him to be insane.
From our examination of the record, we find there was evidence presented at trial to support the finding that the appellant was, in fact, sane at the time of the commission of the offense.
*756 Therefore, the trial judge properly denied the appellant’s motion for judgment notwithstanding the verdict and motion for a new trial.
The judgment of the trial court is due to be and is hereby affirmed.
Affirmed.
All the Judges concur.