507 So.2d 554 (1986)
Cynthia HILL
v.
STATE.
6 Div. 780.
Court of Criminal Appeals of Alabama.
September 9, 1986.
Rehearing Denied January 27, 1987.
Donald L. Colee of Ackerman & Colee, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., and Jane LeCroy Brannan, Asst. Atty. Gen., for appellee.
*555 TAYLOR, Judge.
On August 6, 1984, appellant Cynthia Hill entered the bedroom where her common-law husband Cleve Smith was sleeping and shot him three times in the head with a .22 caliber pistol, killing him. The appellant pleaded not guilty and not guilty by reason of insanity, contending that, at the time of the murder, she was suffering from "battered spouse syndrome." A Jefferson County jury subsequently found her guilty of intentional murder in violation of § 13A-6-2, Code of Alabama 1975, and she was sentenced to twenty years' imprisonment. Four issues are raised on appeal.

I
During trial, the defense called as a witness, Dr. Margaret Freese, a clinical psychologist. She testified to her vast experience in this field. She is, in fact, a recognized authority in the field of family violence, wife abuse, and the "battered spouse syndrome." She testified to the circumstances which would give rise to this psychological condition.
She related the characteristics that victims of battered spouse syndrome display. She stated that in her professional opinion, the appellant was a victim of battered spouse syndrome. Then, the following occurred:
"Q: What characteristic did you observe in her that helped you form that opinion?
"MR. NAIL: We object to that.
"THE COURT: Sustained. Don't answer."
The import of the question was to elicit the answer that the accused had the same characteristics the witness had just testified to. The examination then proceeded. The same information was put before the jury. It appears to us that this subject was very thoroughly covered during her testimony. The sustaining of this objection did not hinder the defense in the presentation of the case. The accused was not injured by this ruling.
The admissibility of medical and scientific expert testimony is governed by the Frye test. Frye v. United States, 293 F. 1013 (D.C.Cir.1923); Ibn-Tamas v. United States, 455 A.2d 893 (D.C.App.1983). Under the Frye standard, expert testimony concerning a scientific or medical principle will be admissible only when the proponent of the evidence establishes that the principle has achieved general acceptance in the scientific field to which it belongs. Adams v. State, 484 So.2d 1143 (Ala.Cr.App.1985); Prewitt v. State, 460 So.2d 296 (Ala.Cr.App. 1984); Dyas v. United States, 376 A.2d 827 (D.C.C.A.1977), cert. denied, 434 U.S. 973, 98 S.Ct. 529, 54 L.Ed.2d 464 (1977); McCormick on Evidence, § 13 p. 31 (2d ed. 1972). The danger of a jury's according undue weight to unproven and perhaps unreliable scientific testimony justifies excluding such evidence. Frye v. United States, 293 F. at 1014. The battered spouse syndrome has been held to fail the Frye test. Hawthorne v. State, 470 So.2d 770, 773 (Fla. Dist.Ct.App. 1 Dist.1985); Buhrle v. State, 627 P.2d 1374, 1377 (Wyo.); State v. Thomas, 66 Ohio St.2d 518, 423 N.E.2d 137 (1981); Ibn-Tamas, supra.

II
The appellant next argues that the trial court erred in refusing to give one of her requested jury charges concerning the insanity defense. The charge stated:
"The Court charges the jury that the Defendant in this case has entered a special plea of not guilty by reason of mental disease or defect. Once the jury, upon considering all the evidence in this case, is reasonably satisfied from the evidence that the Defendant was suffering from a mental disease or defect and as a result of such mental disease or defect lacked the substantial capacity to appreciate the criminality of her conduct or conform her conduct to the requirements of law, then the burden shifts to the State of Alabama and they must prove beyond a reasonable doubt that the Defendant was not suffering from a mental disease or defect that caused her to lack the substantial capacity to appreciate the criminality of her conduct or conform *556 her conduct to the requirements of law." (emphasis supplied)
In Herbert v. State, 357 So.2d 683, 688 (Ala.Cr.App.), cert. denied, 357 So.2d 690 (Ala.1978), this Court held that legal insanity, as an affirmative defense, must be established by the accused and that the burden of proof "never shifts to the state." See also, Smith v. State, 411 So.2d 839 (Ala.Cr.App.1981); Christian v. State, 351 So.2d 623 (Ala.Cr.App.1977). Where a jury determines that the accused was insane at the time he committed the criminal act, he is deemed not guilty by reason of that insanity and that determination is conclusive. Ex parte Turner, 455 So.2d 910 (Ala. 1984). Thus, we find that the requested charge was properly refused since it does not state a correct proposition of the law. § 12-16-13, Code of Alabama 1975; McDaniel v. State, 446 So.2d 670 (Ala.Cr. App.1983).

III
The appellant also maintains that the trial court should have given her requested jury instruction on reckless manslaughter as a lesser included offense to murder. "An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position." Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978).
Section 13A-6-3, Code of Alabama 1975, provides:
"(a) A person commits the crime of manslaughter if:
"(1) He recklessly causes the death of another person, or
"(2) He causes the death of another person under circumstances that would constitute murder under section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself."
The trial court charged the jury on "heat of passion" manslaughter pursuant to subsection (a)(2), but denied the appellant's request to charge the jury on "reckless" manslaughter under subsection (a)(1). Reckless manslaughter is a lesser included offense of intentional murder, the crime for which appellant was indicted. Paige v. State, 494 So.2d 795 (Ala.Cr.App.1986); Ex parte Weems, 463 So.2d 170 (Ala.1985). This contention seems to be based on the "diminished capacity doctrine."
"The diminished-capacity doctrine recognizes that although an accused was not suffering from a mental disease or defect when the offense was committed sufficient to exonerate him of all criminal responsibility, his mental capacity may have been diminished by intoxication, trauma, or mental disease so that he did not possess the specific mental state or intent essential to the particular offense charged. A defendant claiming diminished capacity concedes his responsibility for the act but claims that, in light of his abnormal mental condition, he is less culpable."
State v. Thompson, 695 S.W.2d 154 (Mo. App.1985) (quoting State v. Correra, 430 A.2d 1251, 1253 (R.I.1981). Alabama has expressly rejected the diminished capacity doctrine. Neelley v. State, 494 So.2d 669 (Ala.Cr.App.1985).
The rule applied in this jurisdiction is sometimes referred to as the "all-or-nothing" approach. Comment, Diminished CapacityRecent Decisions and an Analytical Approach, 30 Vand.L.Rev. 213 (1977). That is, under our statutes a defendant is either sane or he is not. Thus, a charge on a lesser included offense predicated on mental capacity should not be given when the evidence suggests that the defendant has a diminished mental capacity, but is not insane as defined in § 13A-3-1, Code of Alabama 1975.
If the jury in the present case had found that appellant Hill was suffering from a mental disease or defect at the time she shot the decedent and that that disease or defect produced the act, then she could be found not guilty by reason of mental defect. In that event, a charge on the lesser included offense would not be needed. If, on the other hand, she was found to *557 be sane at the time of the murder, a lesser included offense charge on reckless manslaughter should be given only if the facts of the particular casefacts unrelated to any diminished mental capacitywould warrant the giving of such a charge. In Ex parte Weems, supra, the Alabama Supreme Court observed that "the degree of recklessness which will support a manslaughter conviction involves a circumstance which is a `gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation,' but is not so high that it cannot be `fairly distinguished from' the mental state required in intentional homicides." Ex parte Weems, 463 So.2d at 172. Here, the appellant admitted taking the gun from a dresser drawer, pointing it at the head of the decedent and shooting him in the head repeatedly. Her actions were not consistent with a finding of recklessness. Since there was no evidence in the present case that would support an instruction on reckless manslaughter, the trial court did not err in denying the appellant's charge.

IV
The appellant argues that this cause is due to be reversed because of the overwhelming evidence that she was insane at the time she shot her husband.
A defendant seeking to have a conviction reversed on the basis of insanity has a difficult burden indeed. Generally, the question of a defendant's sanity is one for the jury and its decision will be reversed only where the evidence of insanity is overwhelming and uncontradicted. Sistrunk v. State, 455 So.2d 287 (Ala.Cr.App.1984); Cunningham v. State, 426 So.2d 484 (Ala. Cr.App.1982), cert. denied, 426 So.2d 484 (Ala.1983); Herbert v. State, 357 So.2d at 688.
"Because of the presumption of sanity, the state is not required to prove that the defendant is sane. See, Dancy v. State, 437 So.2d 620, 621 (Ala.Crim.App.1983); Cunningham, [426 So.2d] at 490. A guilty verdict is not arbitrary if the record reveals any facts from which the jury could have inferred that the defendant was sane at the time of the crime." Sistrunk v. State, 455 So.2d at 289. (emphasis in original)
Dr. Fay Yumal, a staff psychiatrist at Bryce Hospital who had treated the appellant, testified that in her professional judgment the appellant was not suffering from any mental disease or defect. Dr. Yumal stated that the appellant had been diagnosed as depressed, but added that she was not psychotic and was fully capable of understanding right from wrong. Based upon this testimony, there was ample evidence to support the jury's finding that the appellant was not insane at the time she murdered her husband. Matson v. State, 455 So.2d 244 (Ala.Cr.App.1984); Sistrunk v. State, 455 So.2d at 289. Consequently, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
TYSON, J. concurs.
McMILLAN, J., concurs in result.
BOWEN, P.J., and PATTERSON, J., concur in result with opinion by BOWEN, P.J.
BOWEN, Presiding Judge, concurring in result.
I concur only in the result reached by the majority. I vigorously dissent from the dicta in Issue I of that opinion to the extent that it implies that expert opinion testimony on the battered wife syndrome is per se inadmissible. Of the cases cited in the annotation on that subject found in 18 A.L. R.4th 1153, the overwhelming majority support the admission of such testimony. This Court should not decide questions not necessary to the resolution of the issue presented. Furthermore, such an important issue as the one involved here should be decided only after thorough and exhaustive legal research based upon the particular facts involved. Compare the dicta in the majority opinion with the actual holding of and the dissent in Hawthorne v. State, 470 So.2d 770 (Fla.App. 1 Dist.1985). Such testimony may be admitted where a proper predicate and foundation are laid. See generally, *558 C. Gamble, McElroy's Alabama Evidence § 127.01(5) (3rd ed. 1977).