McMILLAN, Judge.
The appellant, Eugene Moye, was indicted on two counts of capital murder in violation of § 13A-5-40(a)(2), Code of Alabama (1975). He was found guilty and sentenced to life imprisonment.
The sufficiency of the evidence presented is not at issue; therefore, the facts of the offense will not be included in this opinion.
*159 The appellant argues that the trial court erred in denying his motion for change of venue and in allegedly refusing him the opportunity to ask individual questions during the voir dire of the jury in order to determine the extent of the jury’s knowledge and any actual jury prejudice. The record indicates that the defense counsel sought to individually ask the prospective jurors “what they have read,” which the trial court declined to allow. The defense counsel made no objection to the trial court’s ruling. Therefore, no legal issue is preserved for appellate review. See Graham v. State, 383 So.2d 892, 893-94 (Ala.Cr.App.), writ denied, 383 So.2d 895 (Ala.1980).
Furthermore, the trial court did not err in denying the appellant’s motion for change of venue. The appellant introduced evidence that two local radio stations broadcasted stories of the crime and that the county weekly paper published articles on the crime. A hearing was held on the motion for change of venue in which the editor of the local newspaper testified that he attended the victim’s funeral. He further testified that the crime received the same coverage as would “every other case of this magnitude.” The news director at a local radio station testified that their coverage consisted of the chief deputy’s rendition of the police report. He further testified that this crime did not receive any more coverage than would any other crime committed in Monroe County. The brother of the appellant’s girlfriend also testified that a number of people in the community had been discussing the crime.
The record shows that the trial court asked the jurors if any of them had fixed opinions as to the guilt or innocence of the appellant which might bias or influence their verdict. There were no responses to the question. During the defense counsel’s questioning of the potential jurors, 23 prospective jurors indicated that they had experienced pre-trial publicity concerning the crime. Thereafter, the defense counsel asked the jurors if they had formed an opinion about what might have happened, and the jurors indicated that they had not.
The appellant has the burden of proof to show that an impartial jury cannot be impaneled. Anderson v. State, 443 So.2d 1364 (Ala.Cr.App.1983).
“There are two ways in which the mov-ant can meet this burden of proof: (1) by showing that there has been pervasive, inherently prejudicial publicity which has so saturated the community as to have a probable impact upon prospective jurors, see e.g., Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965); Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963); and Wilson v. State, 480 So.2d 78 (Ala.Cr.App.1985); or (2) by showing that there has been extensive publicity that has caused actual jury prejudice. Jackson v. State, [Ms. 6 Div. 767, April 9, 1985] (Ala.Cr.App.), cert. granted, No. 84-1112 (Ala. Aug. 27, 1985); Duncan v. State, 436 So.2d 883 (Ala.Cr.App.1983); Hopkins v. State, 429 So.2d 1146 (Ala.Cr.App.1983); Dolvin v. State, 391 So.2d 666 (Ala.Cr.App.1979), aff’d, 391 So.2d 677 (Ala.1980).
“The fact that there was widespread publicity is not sufficient to require a change of venue. Thomas v. State, 452 So.2d 899 (Ala.Cr.App.1984); Sparks v. State, 450 So.2d 188 (Ala.Cr.App.1984); Crowe v. State, 435 So.2d 1371 (Ala.Cr.App.1983); Magwood v. State, 426 So.2d 918 (Ala.Cr.App.1982), aff’d, 426 So.2d 929 (Ala.), cert. denied, 462 U.S. 1124, 103 S.Ct. 3097, 77 L.Ed.2d 1355 (1983). Nor must a qualified juror be totally ignorant of the facts in the case. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975); Jackson v. State, [Ms. 6 Div. 767, April 9, 1985] (Ala.Cr.App.), cert. granted, No. 84-1112 (Ala. Aug. 27, 1985); Lokos v. State, 434 So.2d 818 (Ala.Cr.App.1982) aff’d, 434 So.2d 831 (Ala.1983).”
*160 Peoples v. State, 510 So.2d 554 (Ala.Cr.App.1986) affirmed, 510 So.2d 574 (Ala.1987).
The trial court did not abuse its discretion in failing to order a change of venue. Brown v. State, 488 So.2d 9 (Ala.Cr.App.1986).
Although the appellant alleges that nine members of the jury had previously experienced pre-trial publicity about the case, he was not deprived of a fair trial. The appellant argues that Exhibit 1 shows that nine of the jury members had prior knowledge of the case. However, Exhibit 1, presumably the jury’s strike list, is not contained in the record. Further, each juror indicated during voir dire that he or she had no fixed opinions as to the appellant’s guilt or innocence based on any knowledge of the facts surrounding the crime.
“As the Supreme Court explained in Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 1642-43, 6 L.Ed.2d 751 (1961):
“ ‘To hold that the mere existence of any pre-conceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror’s impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court....’
“The standard of fairness does not require jurors to be totally ignorant of the facts and issues involved. Murphy v. Florida, 421 U.S. 794, 799-800, 95 S.Ct. 2031, 2035-2036, 44 L.Ed.2d 589 (1975).”
Ex parte Grayson, 479 So.2d 76, 80 (Ala.1985) cert. denied, Grayson v. Alabama, 474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157 (1985).
Moreover, the appellant made no objection to the jury and therefore this issue is not preserved for review.
II
The appellant claims that the trial court erred in refusing to allow the defense counsel to present evidence under Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), overruled, Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to show a systematic exclusion of black veniremen by the prosecutor. The record indicates that the defense counsel sought to introduce such evidence during his motion for new trial. No objection on this ground was raised prior to motion for new trial. The record indicates that during the defendant’s motion for mistrial, the trial court directed the State to produce reasons for its peremptory strikes against black members of the venire. The State produced race-neutral reasons for its strikes. Thereafter, the defense counsel attempted to ask the prosecutor whether it was his normal practice to strike a large number of black people. The court sustained the State’s objection to the question. The defense counsel attempted to argue the law under Swain v. Alabama, supra, and the trial court stated that “what they did prior to Batson has got nothing to do with this case.”
In Lehr v. State, 398 So.2d 791 (Ala.Cr.App.1981), the appellant challenged the manner in which the master jury list for the venire was compiled, but did so for the first time on his motion for new trial. This court held:
“ ‘Having raised this issue for the first time on motion for new trial, appellant has waived his right to object, unless he can show fraud or some irregularity which was not known, or by the exercise of due diligence, could not have been known before trial. Williams v. State, Ala., 342 So.2d 1328 (1977); Griffin v. State, Ala.Cr.App., 356 So.2d 723, cert. den. Ala., 356 So.2d 728 (1978).’ ”
Id. at 800.
A trial judge’s denial of a motion for new trial will not be disturbed in the absence of a showing of abuse of discretion, and this Court will indulge every presumption in favor of the correctness of the trial court’s ruling. Baker v. State, 477 So.2d 496 (Ala.Cr.App.1985), cert. denied, Baker v. Alabama, 475 U.S. 1029, 106 S.Ct. 1231, 89 L.Ed.2d 340 (1986); Vinzant v. State, 462 *161 So.2d 1037 (Ala.Cr.App.1984); Leverett v. State, 462 So.2d 972 (Ala.Cr.App.1984).
AFFIRMED.
All the Judges concur.