SHAW, Judge,
dissenting.
I respectfully dissent. After examining Bentley’s briefs on appeal, I do not believe that the issue addressed by the main opinion concerning the extent of the trial court’s authority to appoint a mental-health expert is properly before this Court. *364 Bentley’s argument with respect to the trial court’s denial of his motion for a judgment of acquittal and order of commitment based on his insanity plea is supported by a citation to one case, Lackey v. State, 615 So.2d 145 (Ala.Crim.App.1992). Citing Lackey, which does not speak to a trial court’s authority to appoint mental-health experts under Rule 11, Ala.R.Crim. P., Bentley argues that his motion should have been granted because “he alone had presented evidence that tended to prove his incompetence and the State offered no rebuttal.” (Bentley’s initial brief, at p. 23.) He also argues that a case relied on by the State, Cunningham v. State, 426 So.2d 484 (Ala.Crim.App.1982), is . distinguishable. Bentley’s entire argument with respect to the propriety of the trial court’s appointment of Dr. McKeown appears on page 24 in his initial brief as follows:
“The Court ... abused its discretion in ordering the evaluation of Mr. Bentley by a third expert.”
On page 13 of his reply brief, Bentley makes the following passing reference to the appointment of Dr. McKeown:
“The third expert, erroneously appointed-by the court, spent a mere four (4) hours with the Defendant.”
’ Although I understand the concern expressed by the main opinion that an injustice may result in this case if Bentley’s conviction is not reversed, the specific issue whether the trial court had the authority under Rule 11 to appoint Dr. McKeown has not been sufficiently briefed and argued to warrant this Court’s addressing it. Rule 28(a)(10), Ala.R.App.P., requires that an argument contain “the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.” “Recitation of allegations without citation to any legal authority and without adequate recitation of the facts relied upon has been deemed a waiver of the arguments listed ” Hamm v. State, [Ms. CR-99-0654, February 1, 2002] — So.2d - — , - (Ala.Crim.App.2002). See also the .cases collected at 4 Ala. Digest 2d Appeal and Error § 1079 (1993). In fact, after examining Bentley’s briefs, it is not apparent to me that he even intended to argue that the trial court lacked the authority under Rule 11 to appoint Dr. McKeown. Instead, it appears to me that Bentley argues only that, under the circumstances, it was an abuse of discretion for the trial court to question the reports of Dr. Rosenzweig and Dr. Ronan. In other words, according to Bentley, the trial court abused its discretion in denying his motion and, consequently, in seeking an additional expert opinion because, he argues, at the time he filed the motion the State had submitted no evidence to rebut the findings of the two experts that he was insane at the time of the offense. I agree with the holding in the main opinion that “[t]he trial court had the option to grant or deny [Bentley’s motion for a judgment of acquittal and order of commitment] based on the evidence presented in support of that motion.” 904 So.2d at 361. I believe that this is the only issue that is properly before this Court concerning the trial court’s ruling on the motion and that this Court’s holding that the trial court did not err in denying that motion is dispositive of that issue.