# Toles *v.* The State.

### *Assault With Intent to Rape.*

(Decided Feb. 9th, 1911.   54 South. 511.)

1. *Appeal and Error; Review; Sufficiency of Evidence.*—Where the evidence yields any rational inference of guilt the court, on appeal, will not pass upon the sufficiency of the evidence to support a conviction.

2. *Evidence; Conviction of Another.*—Where the charge is assault to rape the fact that another has been convicted of the assault is not competent evidence of the defendant's innocence.

3. *Rape; Evidence; Sufficiency.*—The statement of the mother of the prosecutrix examined and held not convincing or persuasive, but proper to be submitted to the jury.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Cleveland Toles was convicted of assault with intent to rape, and he appeals.   Affirmed.

G. O. DICKEY, for appellant.   The court erred in the admission of evidence objected to, and in refusing the requested charges.—*Thomas v. The State,* 133 Ala. 139; *Hunter v. The State,* 112 Ala. 9; *McAnnally v. The State,* 74 Ala. 77; *Busby v. The State,* 77 Ala. 66; 1 Mayfield, 333.

[Toles v. The State.]

ALEXANDER M. GARBER, Attorney General, for the State.

SOMERVILLE, J.—The defendant was convicted of assault with intent to ravish. When the state rested its case, he elected to introduce no evidence in his own behalf, and asked in writing the general affirmative charge for acquittal, which was refused by the court. We do not undertake to here review the evidence, which we have considered with studious care. Suffice it to say that there was *some evidence* from which inferences might have been drawn by the jury unfavorable to the innocence of the accused. We regard this evidence as weak, inconclusive, and unsatisfactory, and we marvel that a jury would convict upon such flimsy proof. But we are not permitted to pass upon the weight or sufficiency of the evidence, where it may yield any rational inference of guilt.

It is insisted for the defendant, however, that it clearly and conclusively appears, without conflict, that but one person entered the house and the room of the young woman who was the object of the assault; that this person was identified by a state's witness—the victim's mother—as being one John Colvin; and that this John Colvin, indicted jointly with the defendant, but tried separately, had already been previously convicted of this identical crime. If these postulates were all correct, and the proof conclusive that John Colvin *alone* committed the crime, we are not prepared to say that there was any evidence from which the jury could have inferred that the defendant conspired with him to commit the crime, or aided and abetted him in its commission. But the record of Colvin's conviction was not in evidence before the jury, nor was it admissible for the purpose of showing his guilt, and incidentally defend-

ant's innocence.—1 Greenleaf on Evidence (16th Ed.) § 14 "r"; *State v. Yandle* 116 Mo. 589 66 S. W. 532. There was no evidence as to Colvin's guilt except as found in the statement of the witness above referred to, who merely said: "I do not know what negro it was that went in the room. I think it was the negro John Colvin, that has already been convicted." Such a statement, in view of the time of the occurrence, and of the surprise and terror of the witness while observing the intruder in the darkness of the night, cannot be regarded as either persuasive or convincing, and its consideration was manifestly for the jury.

We are of the opinion that in the refusal of the charge there was no error. The other rulings complained of, if erroneous, were plainly without prejudice to the defendant, and the judgment of the circuit court must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.