41 So.2d 637

## HUNTER et al. v. STATE.
### 7 Div. 27.

Court of Appeals of Alabama.
July 19, 1949.

Hugh Reed, Jr., of Centre, for appellants.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

These appellants have been convicted of the larceny of three sets of harness, of a total value of seventy-five dollars.

We have studiously examined this record, a task of considerable labor in view of the state of this record. It is replete with typographical errors, elisions, and omissions from the indictment through the judgment.

In the indictment appearing in the record one of the defendants is designated as Paul Gunter, rather than Paul Hunter, and the ownership of the property is laid in Horace Chamblee. The record shows that Horace Chambless was the party who missed some harness.

The verdict of the jury and the judgment entered pursuant thereto finds "the defendant" guilty.

The evidence presented by the State is vague, indefinite and uncertain. While the witnesses refer to finding the harness as it was being used by the "Hunter boys," it clearly appears from careful reading of their testimony that neither of the defendants was present when the harness was found, but it was found in possession of one James Hunter, who is not a defendant.

In its strongest aspect the evidence presented by the State is weak. If objections had been interposed much of the evidence adduced could not have been legally admitted. However, the appellants were not represented by counsel in the proceedings below.

The oral charge is short. After reading the indictment, and the statute pertaining to larceny, Code 1940, Tit. 14, § 331, the court instructed the jury as follows: "This is a very short case, nothing to it. The defendants have no testimony to offer, proving this three sets of harness was the value of Seventy-five Dollars was taken by someone and found in the possession of these men. In the possession of someone unexplained why they are responsible for the property and under this testimony these defendants were in possession of this property and if they can't explain it, why they are guilty. Probably as to the amount specified by the Statute, Twenty-five Dollars or over and unexplained in their possession."

In the above portion of the court's instructions it is to be noted that the court directly invaded the province of the jury in saying "This is a very short case, nothing to it;" the court called attention to the fact that the defendants had no testimony to offer, though the record shows that the defense did offer one witness; the court stated the harness was found in possession of the defendants, though the evidence fails to show this; the court also erroneously stated the law as to the possession of stolen property;

the effect of the court's charge in general was to direct a finding of guilty, though no request in writing therefor had been made. All of the above violate elemental established legal principles, and we do not deem it necessary to cite illustrative authorities.

 It is our duty to revise the verdicts of juries, and the conclusions of trial judges, where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach the conclusion that the finding and judgment are wrong. Lamar Life Insurance Co. v. Kemp, 30 Ala.App. 138, 1 So.2d 760; Bowen v. State, 32 Ala.App. 357, 26 So.2d 205. We have reached such conclusion in this case, and that the court erred in denying appellants motion for a new trial.

Reversed and remanded.

BRICKEN, P. J., not sitting.