Appellant Lewis was indicted and convicted for rape in the first degree in violation of Alabama Code Section 13A-6-61
(1975). Sentence was thirty years' imprisonment. Two issues are presented on appeal.
 I
Our review of the record convinces this Court that Lewis' defense that he was insane at the time of the crime was not established by overwhelming and uncontradicted evidence which entitled Lewis to an affirmative charge. The legal principles governing the burden and sufficiency of proof of insanity are collected and restated in Cunningham v. State, 426 So.2d 484
(Ala.Cr.App. 1982). In that case we also reviewed the six cases in which the appellate courts of this state found that the jury's verdict was contrary to overwhelming and conclusive evidence of insanity. *Page 1358 
It cannot be disputed that Lewis has a history of mental disorders and drug abuse. The crime occurred on July 11, 1980. On June 18, 1979, the defendant was admitted to the Veterans' Administration Hospital in Tuscaloosa and diagnosed by psychiatrist D. Gamboa as suffering from "schizophrenia, paranoid type" and "drug abuse". However, on July 27, 1979, Lewis was "allowed to leave on IRREGULAR RELEASE, AMA, with no medication or followup given. He wasn't considered a danger to himself or others, but it was felt that his treatment had not been completed." Dr. Gamboa had no opinion as to Lewis' mental status on the day of the rape.
Lewis was readmitted to the hospital on June 28, 1980, "with the admission diagnosis of schizophrenia, paranoid type by history." Medical records show that Dr. J. Pandya diagnosed Lewis as suffering from drug dependence. On July 11, 1980, the day of the crime, Lewis was given a "REGULAR RELEASE — ADMINISTRATIVE with no medication or followup given. Veteran is competent for VA purposes." In February of 1981, Dr. Pandya diagnosed Lewis as suffering from "antisocial personality, severe drug dependency multiple." Dr. Pandya did not testify.
Psychiatrist J.E. Keeton examined and evaluated Lewis on June 30, 1980 — eleven days before the crime — and did not change the prior diagnosis of "schizophrenia paranoid type by history" although "there were aspects to this man's problem that suggested another diagnosis to support this one and clarify the problem even better." Dr. Keeton testified that schizophrenics have recovery periods and periods of remission followed by periods of reoccurrence of the symptoms. He was not asked and did not express an opinion that Lewis was suffering from a mental illness when the crime was committed.
Lewis testified that he did not remember anything about the rape or the confession he gave approximately four hours after the offense.
Although the State did not present any expert evidence of Lewis' mental condition, it did introduce his confession wherein he gave a detailed account of the events and maintained that the sexual intercourse occurred at the request and with the consent of the victim. This confession and Lewis' flight from the scene of the rape, when considered with the circumstances surrounding the commission of the crime, authorize the reasonable inference that the defendant was sane.
Even if the jury accepted the testimony of the experts, there remains the fact that no expert testified that Lewis was suffering from a mental disease or defect at the time of thecrime. Here, there was simply no showing that Lewis lacked the substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law atthe time of the criminal conduct. Alabama Code Section 13A-3-1
(1975). Lewis' own expert testified that he would have periods of remission and recovery.
 "There is no presumption that fitful and exceptional attacks of insanity are continuous — a proposition manifest in itself. It is only insanity of a chronic or permanent nature which, on being proved, is presumed to continue. — Whart.Cr.Ev. Section 730. The rule, therefore, prevails that where an insane person `has lucid intervals, the law presumes the offense of such person to have been committed in a lucid interval, unless it appears to have been committed in the time of his distemper.' — 1 Russell on Cr. 11; 1 Hale, 33-4." Ford v. State, 71 Ala. 385, 395 (1882).
See also Cogbill v. State, 8 Ala. App. 223, 227, 62 So. 406
(1913).
For these reasons, the refusal of Lewis' requested affirmative charge was not error. Cunningham, supra.
 II
Lewis' requested jury charge on the lesser included offense of sexual abuse in the first degree was properly refused because the evidence is undisputed that there was penetration, contrary to Lewis' argument on appeal. Under the evidence *Page 1359 
presented at trial, there was no reasonable theory to support any lesser included offense. At trial, the issue was whether Lewis was legally responsible for the rape, not whether or not there was a rape. Therefore, the instruction was properly refused. Myers v. State, 401 So.2d 288, 291 (Ala.Cr.App. 1981). See also Chavers v. State, 361 So.2d 1106 (Ala. 1978); Riddlev. State, 41 Ala. App. 544, 139 So.2d 347 (1962).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.