Haywood Granger was indicted and convicted for the sale of marijuana. Sentence was a $25,000 fine and fifteen years' imprisonment.
 I
The defendant's motion for a judgment of acquittal was properly denied.
The basis of the State's case is found in the testimony of Northport Police Officer Norman Willingham, who was working as an undercover agent for the West Alabama Narcotics Squad. He testified that he purchased a bag of marijuana for $35 from the defendant on August 6, 1982, in Aliceville. He was positive and unequivocal in his identification of the defendant.
The defendant presented a substantial alibi defense. He testified that on August 6th he was on vacation in New York City and Philadelphia with his family and that he did not return to Aliceville until *Page 1139 
August 7th. His testimony was corroborated by the testimony of his mother, his wife, and his cousin from New York City. The defendant also presented a motel bill and two service station receipts to show that he was not in Aliceville at the time Officer Willingham purchased the marijuana. This conflict in the evidence presented a question only the jury could resolve.
Under these circumstances, someone is either terribly mistaken or intentionally lying. This Court, having neither seen nor heard any witness, is not capable of making that determination. The fact that documents, in the form of receipts, support the defendant's testimony certainly lends credence to his defense. However, documents can be altered or forged. Those documents cannot be considered conclusive in establishing the defendant's whereabouts at the time of the charged sale of marijuana. "The role of appellate courts is not to say what the facts are. Our role, . . . is to judge whether the evidence is legally
sufficient to allow submission of an issue for decision to the jury." Ex parte Bankston, 358 So.2d 1040, 1042 (Ala. 1978). An appellate court may interfere with the jury's verdict only where it reaches "a clear conclusion that the finding and judgment are wrong." Kelly v. State, 273 Ala. 240, 244, 139 So.2d 326 (1962). "The rule is clearly established in this State that a verdict of conviction should not be set aside on the ground of the insufficiency of the evidence to sustain the verdict, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust." Bridges v. State, 284 Ala. 412, 420, 225 So.2d 821
(1969). Even though an appellate court should "marvel that a jury would convict upon such flimsy proof," it is "not permitted to pass upon the weight or sufficiency of the evidence, where it may yield any rational inference of guilt." Toles v. State, 170 Ala. 99,100, 54 So. 511 (1911). A verdict on conflicting evidence is conclusive on appeal. Roberson v. State, 162 Ala. 30, 50 So. 345
(1909). "[W]here there is ample evidence offered by the state to support a verdict, it should not be overturned even though the evidence offered by the defendant is in sharp conflict therewith and presents a substantial defense." Fuller v. State, 269 Ala. 312,333, 113 So.2d 153 (1959), cert. denied, Fuller v. Alabama,361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (1960).
"[A]libi evidence is always a jury question." Ransom v. State,360 So.2d 731, 735 (Ala.Cr.App.), cert. denied, Ex parte Ransom,360 So.2d 736 (Ala. 1978).
This Court must revise and overturn the verdicts of juries "where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach the conclusion that the finding and judgment are wrong."Hunter v. State, 34 Ala. App. 565, 567, 41 So.2d 637 (1949).
 II
The defendant's conviction is due to be reversed because of the admission of the evidence that the defendant sold marijuana to John Richey and the State's attempted impeachment of the defendant by questioning the defendant on cross examination about sales of marijuana to other people in Aliceville during the period of July and August of 1982.
The only purpose of the admission of evidence of other offenses in this case was to show identity. However, the other sales were not relevant to prove identity unless both those offenses and the crime for which the defendant was prosecuted were "`signature crimes' having the accused's mark and the peculiarly distinctive modus operandi so that they may be said to be the work of the same person." Bighames v. State, 440 So.2d 1231, 1233
(Ala.Cr.App. 1983). Here, the State merely attempted to show that the defendant had sold marijuana to others in the same town. There was no attempt to prove any similarity in each sale.
The admission of Richey's testimony violated the very reason for the rule excluding *Page 1140 
the admission of other offenses because its only function was to show the defendant's "bad character, inclination or propensity to commit the type of crime for which he [was] being tried." C. Gamble, McElroy's Alabama Evidence § 69.01 (1) (3rd ed. 1977).
The indictment charged that the defendant sold marijuana to Norman Willingham on "August 6, 1982, while at or near the VFW Park located just off Highway 17 South in Aliceville." Where the accused is charged with a specific sale of controlled substances, evidence of another sale at a different time and place is inadmissible, Hill v. City of Prattville, 13 Ala. App. 643, 644,69 So. 227 (1915), unless such evidence falls within an exception to the rule excluding evidence of other offenses. McElroy § 70.01 (21), citing Van Nostrand v. State, 51 Ala. App. 494,286 So.2d 903, cert. denied, 291 Ala. 799, 286 So.2d 906 (1973). Compare with Scott v. State, 150 Ala. 59, 63, 43 So. 181 (1907) ("In view of this effort to discredit the evidence of the witness in respect to the identity of the defendant, it was competent for the state to show other sales made by defendant at the same timeand place to other witnesses who were examined by the state." (Emphasis added)).
The defendant is entitled to a fair trial at which he is tried for the alleged offense and that offense only. The judgment of the circuit court is reversed for the erroneous admission of the evidence of other offenses. This cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur.