Robert James Cannon was convicted of theft of property in the second degree and sentenced to 25 years' imprisonment as a habitual offender. Two issues are raised on this appeal from that conviction. *Page 873 
 I
The alleged error of the trial court in refusing certain written charges requested by the defendant has not been preserved for review. Although the circuit judge marked the requested charges "refused," defense counsel did not "object thereto before the jury retire[d] to consider its verdict, stating the matter to which he object[ed] and the grounds of his objection." Rule 14, Alabama Rules of Criminal Procedure (Temporary). Proper objection is required to preserve error in the oral charge of the trial court. Biddie v. State,516 So.2d 846 (Ala. 1987).
Here, defense counsel announced that he was "satisfied" with the trial court's oral charge and did not state the grounds of his objection to the court's failure to give his requested charges. The failure of a party to state to the trial court the grounds for his objection to a jury instruction "is fatal to appellate review of the alleged error." Employers CasualtyCompany v. Hagendorfer, 393 So.2d 999, 1002 (Ala. 1981). Any error with regard to the refusal to give written requested charges is waived where the party requesting the charges made no objection to the refusal. Barksdale v. Pendergrass, 294 Ala. 526,532, 319 So.2d 267 (1975).
 II
The evidence is sufficient to support the defendant's conviction. An eyewitness identified the defendant as the individual who took the videotape recorder out of the Winn-Dixie grocery store. Whether the defendant had green or brown eyes was a jury question and not one involving the sufficiency of the evidence. The effect of contradictory and inconsistent statements, even by the same witness, goes to the credibility of the witness and is a question for the jury.Yeager v. State, 500 So.2d 1260, 1263 (Ala. Cir.App. 1986);Magro v. State, 384 So.2d 871, 874 (Ala. Cir.App.), cert. denied, Ex parte Magro, 384 So.2d 875 (Ala. 1980). The ownership of the stolen property was proven when the store manager testified that the VCR that was stolen was "the property of Winn-Dixie, Montgomery, Inc., a corporation doing business as Winn-Dixie Store Number 457."
Additionally, we note that the record contains only two objections to the sufficiency of the evidence, neither of which stated any specific ground. After the State had presented its case-in-chief and rested, defense counsel "move[d] to exclude the State's evidence and ask[ed] or move[d] for an acquittal verdict." The defendant's refused written requested jury charge number two stated, "The Court charges you that if you believe the evidence you cannot convict the Defendant."
In order to preserve the issue of the sufficiency of the evidence for review, the motion for judgment of acquittal should state "the grounds therefor." Rule 12, Alabama Rules of Criminal Procedure (Temporary). "It is well settled in Alabama that a motion to exclude evidence which does not state the grounds on which the motion is based is properly overruled."Ex parte Maxwell, 439 So.2d 715, 717 (Ala. 1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.