The appellant was indicted for theft of property in the second degree and was found guilty as a youthful offender. She was sentenced to the custody of the Director of the Department of Corrections for a period of two years.
 I
The appellant argues that the trial court committed reversible error because, during the hearing on the appellant's motion for new trial, the appellant was not allowed to prove that the trial judge had been inattentive during the trial testimony of her expert witness. There is no indication in the record that the trial court was talking to someone else during the witness's testimony. Nor was any objection or comment made by the appellant or her defense counsel during the testimony as to the trial court's inattentiveness. "Review on appeal is limited to review of questions properly and timely raised at trial." Dixon v. State, 476 So.2d 1236, 1239 (Ala.Cr.App. 1985), and cases cited therein. See also Lokos v. State,434 So.2d 818, 823 (Ala.Cr.App. 1982), affirmed, 434 So.2d 831
(Ala. 1983).
 II
The appellant argues that the evidence showing that she was suffering from a mental defect was uncontroverted and, therefore, that the judgment was contrary to the law. Legal insanity is an affirmative defense which must be established by the defendant, and the burden of proof never shifts to the State. Hill v. State, 507 So.2d 554 (Ala.Cr.App. 1986), cert. denied, 507 So.2d 558 (Ala. 1987). According to § 13A-3-1, Codeof Alabama (1975):
 "A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law."
Although the appellant in her brief argues that it would be error to infer that she was mentally competent where there was, allegedly, no evidence to support that inference, the law is clear that a person is presumed to be sane, Wherry v. State,402 So.2d 1130 (Ala.Cr.App. 1981), and it is the appellant's burden to show that she was suffering from a mental disease or defect at the time of her criminal conduct. The appellant introduced the testimony of a psychiatrist who stated that she was examined several months after the offense. He reviewed the evidence of the psychological testing and other information and concluded that she had previously had some brain damage during her pregnancy. He testified that she suffered from a central nervous system dysfunction, namely epilepsy. He further testified that in between episodes of epileptic discharge an individual is aware of what is happening.
 " 'There is no presumption that fitful and exceptional attacks of insanity are continuous — a proposition manifest in itself. It is only insanity of a chronic or permanent nature which, on being proved, is presumed to continue. — Whart. Cr.Ev. Section 730. The rule, therefore, prevails that where an insane person "has lucid intervals, the law presumes the offense of such person to have been *Page 1364 
committed in a lucid interval, unless it appears to have been committed in the time of his distemper." — 1 Russell on Cr. 11; 1 Hale, 33-4.' Ford v. State, 71 Ala. 385, 395 (1882)."
Lewis v. State, 439 So.2d 1357, 1358 (Ala.Cr.App. 1983).
The appellant has failed to show that she lacked the substantial capacity to appreciate the criminality of her conduct or to conform her conduct to the requirements of law at the time of the criminal conduct.
 III
The appellant argues that the trial court erred in denying her motion to supplement the record under Rule 10(f), Alabama Rules of Appellate Procedure. In the motion, the appellant requested that the colloquy between her attorney and the trial court at the youthful offender arraignment should be included and that the original "Actions, Judgments, Case Notes" or "Case Action Summary" should be sent to this court. The record shows that a copy of "Actions, Judgments, Case Notes" has been sent to this court in a supplemental transcript, as has the colloquy from the youthful offender arraignment. A case action summary is also included in the supplemental record, which shows an entry on November 17, 1986, stating:
 "Motion to Supplement Record Granted. Clerk to prepare corrected minute entry of arraignment to show entry of plea of not guilty and not guilty by reason of mental disease or defect. Also if court reporter has colloquy of arraignment, he is directed to include it in transcript. Remainder of motion denied."
Therefore, there is no adverse ruling as to those requests made by the appellant in her Rule 10(f) motion. The appellant also argues that an admonishment which was allegedly made by the trial court to her attorney while she was requesting a continuance was omitted from the record. She further contends that there are other omissions in the record, although she does not claim to know the contents of those omissions and submits that a few noted corrections should be made to the transcript. The appellant has not shown that she was prejudiced by any of these alleged omissions or errors in the record, nor has she shown that they were material. We find no abuse of discretion in the trial court's overruling that portion of the appellant's Rule 10(f) motion.
 IV
The appellant argues that the trial court erred in denying her motion for a pre-sentence investigation. The appellant was sentenced on June 26, 1986. There is a motion for a pre-sentencing report and a sentencing hearing included in the record; that motion was filed by the appellant on June 26, 1986. There is also a minute entry in the record dated June 27, 1986, which states, "Motion for pre-sentence report denied as coming too late. Defendant has already been sentenced. Additionally, an investigation has recently been made by Department of Youthful Offender hearing [sic]. This was considered in sentencing." In Arrington v. State, 513 So.2d 40,46 (Ala.Cr.App. 1987), this court found no error where a trial judge denied a defendant's request for pre-sentence investigation, indicating that he was relying on a youthful offender investigation. Since it is unclear from the record whether the appellant's motion for pre-sentence investigation was timely filed, we must rely on the trial judge's finding that it "came too late."
AFFIRMED.
All Judges concur.