BOWEN, Judge.
Kenneth Bernard Carr was convicted of manslaughter and sentenced to 15 years’ imprisonment as a habitual felony offender. Carr was declared indigent and was represented by appointed counsel at trial. Although Rule 24(b)(1), A.R.App.P., provides that “[ajppointed trial counsel shall continue as defendant’s counsel on appeal unless relieved by order of the trial court,” and although Carr’s brief was due on June 27, 1990, no appellate brief has been filed on Carr’s behalf.
Therefore, the submission of this cause is set aside. Johnson v. State, 528 So.2d 1167 (Ala.Cr.App.1987). On the State’s mo *871 tion this cause is remanded to the trial court with directions that that court determine whether the defendant has abandoned his appeal. See Ex parte Dunn, 514 So.2d 1300 (Ala.1987). If the defendant desires to pursue his appeal, the trial court, in its discretion, shall either require present counsel to represent the defendant on appeal after inquiry into the reason for trial counsel’s failure to file a brief, or appoint new counsel to represent the defendant on appeal. If new counsel is appointed, the trial court shall direct trial counsel to furnish the appellate record to newly appointed counsel. The trial court shall forward a copy of its order in this matter to this Court. The time for filing briefs shall run from the date of the trial court’s order complying with these directions.
SUBMISSION SET ASIDE; CAUSE REMANDED WITH DIRECTIONS.
All Judges concur.