*260 ON RETURN TO REMAND
BOWEN, Judge.
The original submission of this cause was set aside because no brief was filed on behalf of the appellant and the cause was remanded with directions that the trial court determine whether the appellant had abandoned his appeal. Carr v. State, 570 So.2d 870 (Ala.Cr.App.1990). On remand, the trial court determined that the appellant “wished to pursue his appeal with his same counsel.” Appointed trial counsel has now filed a brief in this Court and the State has filed a reply brief.
On this appeal, the appellant’s counsel states in his brief: “Counsel has thoroughly examined the record and finds no eviden-tiary rulings which could arguably amount to reversible error.” However, the appellant argues that the verdict is “patently contrary to the law and the facts presented.” The appellant contends that the verdict of the jury was not based on “credible evidence.”
We consider the appellant’s contentions nothing more than a jury argument based on the credibility of the State’s witnesses. See Granger v. State, 473 So.2d 1137, 1139 (Ala.Cr.App.1985). “The effect of contradictory and inconsistent statements, even by the same witness, goes to the credibility of the witness and is a question for the jury.” Cannon v. State, 518 So.2d 872, 873 (Ala.Cr.App.1987). Based on the principles stated in Cumbo v. State, 368 So.2d 871, 874-76 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979), we find the evidence sufficient to support the verdict.
The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.