BOWEN, Judge,
dissenting.
I dissent from the opinion of the majority reversing the appellant’s conviction for bribing a witness on the basis that the verdict was contrary to the great weight of the evidence. It appears to me that the majority is weighing the credibility of the witness and has placed too much emphasis on one portion of the testimony of that witness. The majority’s interpretation of the evidence constitutes an invasion of the province of the jury. It is the function of the jury to interpret and to draw reasonable conclusions from the evidence based on the credibility of the witnesses. By its decision, the majority substitutes itself for the jury.
In November 1989, the appellant was indicted for the unlawful distribution of cocaine. Trial was had in May 1990. The sufficiency of the State’s evidence rests upon the testimony of Jennifer Larkins.
Ms. Larkins testified that she had known the appellant about four or five years. In January or February 1990, she had a conversation with the appellant in front of the recreation center in Opp, Alabama. Ms. Larkins testified that the appellant called her over to his automobile and asked her if she would testify that he had never driven Curtis’s automobile, that she had gone with Curtis to the Flamingo Club one Thursday on the “two-for-one” night, and that she had seen Curtis selling drugs. None of those three facts were true. When asked on direct examination if the appellant “gave” her anything on that occasion, Ms. Larkins responded, “Well, not at that time, he didn’t.”
Within two or three weeks, she had a second conversation with the appellant. Ms. Larkins testified that she was “supposed” to give the appellant’s lawyer the exact date when “it” happened. Ms. Lar-kins testified that she and the appellant sat in the appellant’s car and “talked about he was supposed to [have] another appointment [with his attorney] and he was supposed to let me know when and as I got out, that’s when he gave me a piece of rock.” The “rock” cost about $20. The appellant had never before given her any cocaine for free. Shortly after this, Ms. Larkins received a subpoena from the district attorney. At the time the appellant gave Ms. Larkins the cocaine, she was supposed to think about the dates, was addicted to drugs, and was waiting for a second appointment to talk with the appellant’s attorney. On another occasion, the appellant bought Ms. Larkins a beer.
On cross-examination, Ms. Larkins testified that she never knew the appellant to have driven Curtis’s car and that she did go to the Flamingo Club with Curtis on a Thursday two-for-one night. She told the appellant that she was not sure about the date and would have to think about it. She also told the appellant that she would testify “but it would be on things that [she] was sure on. [She] made that specifically clear.” Ms. Larkins testified:
*1116 “No, he didn’t ask me to change the testimony. Like I told him when I went, the only thing I would tell was the truth and that was it. You know, but he just kept saying that I had never seen him drive Curtis’ car, which I hadn’t. He was supposed to have been somewhere else at a certain time, which I didn’t know nothing about.”
She further testified that the appellant never asked her to change her testimony. However, on further cross-examination the following occurred:
“Q. And he never — Early David Lamar never told you that he would buy you a beer or that he would give you a piece of rock cocaine in exchange for your testimony?
“A. No, he never did tell me that directly. ”
(Emphasis added.) On redirect examination, Ms. Larkins testified that her second conversation with the appellant was when he gave her the cocaine and that that conversation concerned her going back and talking to the appellant’s attorney again.
“A person commits the crime of bribing a witness if he offers, confers or agrees to confer any thing of value upon a witness or a person he believes will be called as a witness in any official proceeding with intent to: (1) Corruptly influence the testimony of that person.” Ala.Code 1975, § 13A-10-121(a).
The indictment, in pertinent portion, charged that the appellant “did offer, confer or agree to confer a thing of value, to-wit: cocaine and beer, upon Jennifer Lar-kins, a witness or a person he believed would be called as a witness in an official proceeding, to-wit: State of Alabama v. Early David Lamar, Circuit Court Case No. CC-90-324, with intent to corruptly influence the testimony of Jennifer Larkins, in violation of Title 13A-10-121 of the Code of Alabama, 1975.”.
In commenting on the predecessor section to § 13A-10-121, this Court stated:
“[I]t seems ... that the prime target was an attempt to bribe a witness or a potential witness, as distinguished from an actual bribery of him by corruptly obtaining his commitment to violate his oath as a witness. To require that there be an understanding or agreement by the witness that he would testify falsely would mean that an attempt to get him to thus commit himself expressly or impliedly that failed of its purpose would not be within the inhibition of the particular law. It would mean that however overt and corrupt the offer of a bribe, the section is not violated in the absence of an agreement or understanding on the part of the offeree. Such a conclusion would thwart what seems to be the main objective of the section.”
Staggs v. State, 53 Ala.App. 314, 321, 299 So.2d 756, 762, cert. denied, 293 Ala. 773, 299 So.2d 767 (1974). Thus, the fact that Ms. Larkins only agreed with the appellant to tell the truth is no defense to the charged offense because the statute is premised solely on the part of the one offering the bribe. Staggs, 53 Ala.App. at 320-23, 299 So.2d 756. The witness’s consent or agreement to change his or her testimony is simply not an element of the offense of bribing a witness defined by § 13A-10-121.
The majority states that when Ms. Lar-kins “testified that she made it specifically clear that she would testify only on the matters that she was sure of, it is safe to conclude that she was not corruptly influenced in her testimony.” This statement demonstrates the majority’s fundamental misunderstanding of the offense charged. The offense of bribing a witness, as defined by § 13A-10-121, does not require that the witness be “corruptly influenced.” The element of the offense is that the accused have the intent to corruptly influence the witness.
“A ‘material element’ of the crime of bribery is the defendant’s corrupt ‘intent’ at the time of the offense. ... [Pjroof of the appellant’s ‘intent’ can be inferred from all of the surrounding circumstances.” Maddox v. State, 520 So.2d 143, 148 (Ala.Cr.App.1986). “ ‘It is largely a question of fact, rather than a question of law, for the determination of the jury, whether particular conduct, or particular expressions of *1117 the accused, refer to a criminal offense, and spring from his consciousness of guilt.’ Pope v. State, 365 So.2d 369, [373-74] (Ala. Cr.App.1978).” Maddox, 520 So.2d at 148.
While the State’s evidence against the appellant was very weak, it was sufficient to present a factual question for the jury. The evidence of the appellant’s intent to corruptly influence the testimony of Ms. Larkins is found in the facts 1) that he asked her to testify to a falsehood — that she had seen Curtis selling drugs; and 2) that while Ms. Larkins was still trying to remember the exact date when she went to the Flamingo Club with Curtis and while she was still waiting to talk with the appellant’s attorney a second time the appellant gave her $20 worth of cocaine when he had never done so before. Direct and postive evidence of the appellant’s corrupt intent is not required.
“ ‘This Court must revise and overturn the verdicts of juries “where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach the conclusion that the finding and judgment are wrong.” Hunter v. State, 34 Ala.App. 565, 567, 41 So.2d 637 (1949). Granger v. State, 473 So.2d 1137, 1139 (Ala.Cr.App.1985).
“ ‘ “The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision to the jury.” Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978). An appellate court may interfere with the jury’s verdict only where it reaches “a clear conclusion that the finding and judgment are wrong.” Kelly v. State, 273 Ala. 240, 244, 139 So.2d 326 (1962). “The rule is clearly established in this State that a verdict of conviction should not be set aside on the ground of the insufficiency of the evidence to sustain the verdict, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust.” Bridges v. State, 284 Ala. 412, 420, 225 So.2d 821 (1969). Even though an appellate court should “marvel that a jury would convict upon such flimsy proof,” it is “not permitted to pass upon the weight or sufficiency of the evidence, where it may yield any rational inference of guilt.” Toles v. State, 170 Ala. 99, 100, 54 So. 511 (1911).’ ”
White v. State, 546 So.2d 1014, 1017 (Ala.Cr.App.1989). “ ‘[W]e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether the jury might so conclude.’ ” Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). See also Dolvin v. State, 391 So.2d 133, 137 (Ala.1980).
“ ‘It is not the province of this court to reweigh the evidence. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). The weight of the evidence, the credibility of the witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury alone. Willcutt v. State, 284 Ala. 547, 226 So.2d 328 (1969).’ Walker v. State, 416 So.2d 1083, 1089 (Ala.Cr.App.1982).”
Mosley v. State, 461 So.2d 34, 36 (Ala.Cr.App.1984).
In my opinion the evidence in this case is sufficient to support the verdict of the jury.