The appellant, Bobby Gene Flenory, was convicted after a jury trial of robbery in the first degree, a violation of §13A-8-41, Code of Alabama 1975. He was sentenced under the Alabama Habitual Felony Offender Act to life in prison without parole. He presents three issues on appeal to this Court.
 I
The appellant first contends that the trial court committed reversible error when it sustained the state's objection to a lay witness's testimony regarding the appellant's sanity.
The witness, Geraldine Flenory, the appellant's mother, was called as a state's witness and testified on direct examination that in her opinion the appellant knew the difference between right and wrong. The complained-of ruling came on cross-examination of Ms. Flenory by defense counsel, at which time the following occurred:
 "Q: [Defense counsel]: Now as far as knowing right from wrong, that's what you said.
"A: [Witness]: Yes, sir.
 "Q: Was your son mentally ill back on September 9, 1989?
 "Q: Yes, sir, he was. He's mentally ill. He's been in mental health [care] a good while.
 "Q: Did he — in your opinion, did he know what he was doing, assuming that was him on the video tape?
 "[Prosecutor]: I'm going to object to that, Judge. He's wanting her to assume something she had already said and wanting her to testify to mental illness and he hasn't qualified her and laid the proper predicate. Further, she's already said that he knew the difference between right and wrong.
"A: Yes.
"THE COURT: Sustained."
Judge Bowen, writing for this court in Ellis v. State,570 So.2d 744, 757 (Ala.Cr.App. 1990), stated:
 " 'The law is clear that a notion to the effect that only an expert witness can testify that in his opinion another is sane is erroneous.' Kennedy v. State, 371 So.2d 464, 466 (Ala.Cr.App. 1979).
 " 'In Alabama, a lay witness may give his opinion on the question of a defendant's sanity or insanity as long as the proper predicate has been laid. Williams v. State, 291 Ala. 213, 279 So.2d 478 (1973); Lokos v. State, 434 So.2d 818
(Ala.Cr.App. 1982), affirmed, 434 So.2d 831 (Ala. 1983); Carroll v. State, 370 So.2d 749
(Ala.Cr.App.), cert. denied, 370 So.2d 761 (Ala. 1979). To lay a proper predicate for the admission of such an opinion, a witness must first have testified . . . to facts showing that he had an adequate opportunity to observe such defendant's conduct in general. . . .'
"Ex parte Lee, 506 So.2d 301, 303 (Ala. 1987)."
In the instant case, the witness who testified concerning the appellant's sanity was his mother. She testified that the appellant resided with her. Without evidence of lack of an adequate opportunity to observe, residing together can be a sufficient predicate to allow a witness to offer an opinion as to the sanity of a person. During Mrs. Flenory's testimony, she testified that in her opinion the appellant was mentally ill on the date of the robbery (September 9, 1989); she also testified that in her opinion the appellant knew the difference between right and wrong. Further, a close examination of the record reveals that the witness answered the objected-to question before the trial court ruled.
 II
The appellant next contends that the verdict of the jury was contrary to the law and to the evidence presented at trial. Specifically, the appellant contends that the jury should have found him not guilty by reason of insanity. *Page 942 
Section 15-16-2, Code of Alabama 1975, provides as follows:
 "Every person over 14 years of age charged with crime is presumed to be responsible for his acts, and the burden of proving that he is irresponsible is cast upon the accused. The defense of insanity in all criminal prosecutions shall be clearly proved to the reasonable satisfaction of the jury."
The appellant argues that testimony elicited from the appellant's mother and from Gary Garner, a counselor at Cheaha Mental Center, that he was insane at the time the robbery occurred, should have been conclusive as to that issue. The law is otherwise.
Our Supreme Court stated in Smith v. Smith, 254 Ala. 404,48 So.2d 546 (1950):
 "The opinions of expert witnesses as to insanity are not conclusive on the jury, but are to be weighed like other evidence and the jury may reject all expert testimony, though it is without conflict. Hockenberry v. State, 246 Ala. 369, 20 So.2d 533; George v. State, 240 Ala. 632, 200 So. 602. The jury may treat the testimony of experts as it deems best in connection with the facts and circumstances of the case. Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524; Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 144 So. 813. In other words the judgments of experts or the inferences of skilled witnesses even when unanimous and uncontroverted are not necessarily conclusive on the jury. Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755."
See Cunningham v. State, 426 So.2d 484 (Ala.Cr.App. 1982). See also Pickett v. State, 37 Ala. App. 410, 71 So.2d 102 (1953), cert. denied, 260 Ala. 699, 71 So.2d 107 (1954); Carr v. State,43 Ala. App. 642, 198 So.2d 791, cert. denied, 281 Ala. 716,198 So.2d 798, cert. denied, 389 U.S. 877, 88 S.Ct. 175,19 L.Ed.2d 165 (1967); Luster v. State, 45 Ala. App. 19, 221 So.2d 695
(1969); Bowen v. State, 386 So.2d 489 (Ala.Cr.App.), cert. denied, 386 So.2d 492 (Ala. 1980); Breen v. State, 53 Ala. App. 588, 302 So.2d 562 (1974); Hafley v. State, 342 So.2d 408
(Ala.Cr.App. 1976), cert. denied, 342 So.2d 412 (Ala. 1977);Christian v. State, 351 So.2d 623 (Ala.Cr.App. 1977).
Mrs. Flenory's testimony was in conflict as to the issue of the appellant's sanity. She testified that in her opinion he was mentally ill, but she also testified that she believed that the appellant knew the difference between right and wrong. We held in Nichols v. State, 276 Ala. 209, 160 So.2d 619 (Ala. 1964), "Under the issue of 'not guilty by reason of insanity' and where evidence pro and con was introduced, a jury question was presented and the trial court correctly submitted the question to the jury. Anderson v. State, 209 Ala. 36,95 So. 171 [1922]; Aaron v. State, 271 Ala. 70, 122 So.2d 360 [1960]."Nichols, 276 Ala. at 213, 160 So.2d at 621. See also Thompsonv. State, 462 So.2d 753 (Ala.Cr.App. 1984).
Gary Garner testified that he was employed as a counselor at Cheaha Mental Center and that in his opinion the appellant was suffering from paranoid schizophrenia on the day of the robbery. Further, evidence presented at trial tended to show that the appellant was under the care of a mental health care provider and that he was receiving a therapeutic drug at the time of the commission of this crime. Evidence further tended to show that the appellant's illness was controlled by the administration of this medication.
Where a defendant has periods of lucid behavior, even if he is sometimes insane, the law presumes that the crime was committed during a lucid interval. Westbrooks v. State,492 So.2d 1023 (Ala.Cr.App. 1984).
Finally, the conduct of the appellant and his demeanor immediately following the criminal activity can provide an inference of sanity. Cunningham v. State, 426 So.2d 484
(Ala.Cr.App. 1982). The evidence at trial tended to show that after committing the robbery, the appellant fled the scene and went to a nearby apartment. After leaving that apartment and attempting to return to his house, the appellant was seen by police officers. When they called out to him, he began to run in an attempt to elude the officers. He ultimately *Page 943 
ran into his own residence and closed the door. Upon gaining entry into his apartment, the officers were told by the appellant that he had been in bed asleep.
Judge Bowen, writing for this Court in Cunningham, supra, stated:
 " 'Hiding or attempting escape has been admitted as evidence of sufficient sanity to be conscious of guilt.' [Citations omitted.] 'Flight from justice, and its analogous conduct, have always been deemed indicative of a consciousness of guilt.' 2 Wigmore, Evidence Section 276(4) (Chadbourn rev. 1979). Ordinarily, the issue of insanity is for the jury where the evidence discloses 'conscious guilt' at the moment of the crime."
Cunningham, 426 So.2d at 490.
After careful examination of the record, we conclude that sufficient evidence was presented at trial from which the jury could reasonably find the appellant guilty of the charged offense.
 III
Last, the appellant contends that the trial court erred in sentencing him under the Alabama Habitual Felony Offender Act. Specifically, he argues that his sentence is so disproportionate to the offense of which he was convicted that it constitutes a violation of his rights under theEighth Amendment of the United States Constitution.
This Court has consistently held that application of the Alabama Habitual Felony Offender Act does not constitute cruel and unusual punishment. Furthermore, application of that act does not violate an appellant's due process rights nor is the act an ex post facto law. Thompson v. State, 462 So.2d 777
(Ala.Cr.App. 1984); see also Watson v. State, 392 So.2d 1274
(Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981);Williams v. State, 393 So.2d 492 (Ala.Cr.App. 1981); Johnson v.State, 398 So.2d 393 (Ala.Cr.App. 1981); Smith v. State,401 So.2d 251 (Ala.Cr.App. 1981), cert. denied, 401 So.2d 257 (Ala. 1981); Dozier v. State, 415 So.2d 3 (Ala.Cr.App. 1982);Seritt v. State, 401 So.2d 248 (Ala.Cr.App. 1981), cert. denied, 401 So.2d 251 (Ala. 1981), 731 F.2d 728, 735 (11th Cir.), cert. denied, 469 U.S. 1062, 105 S.Ct. 545,83 L.Ed.2d 433 (1984).
The appellant further argues that the trial court erred in using a prior federal conviction to enhance his punishment. He contends that the sentence for this federal conviction was invoked under 18 U.S.C. § 5010(c), of the Youth Correction Act, and as such should not be used for the purpose of sentence enhancement, because, he argues, an Alabama youthful offender determination may not be considered a prior felony conviction and used for sentence enhancement. 18 U.S.C. § 5010 has been repealed. Nevertheless, a review of that section reveals that it is substantially different from the Alabama Youthful Offender Statute. Further, the appellant failed to object to use of this conviction to enhance sentence. Jackson v. State,502 So.2d 858 (Ala.Cr.App. 1986).
For the reasons listed above, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.