The appellant, Thomas C. Haynes, was found guilty of attempted murder, counts of shooting into an occupied dwelling, an occupied vehicle, and an unoccupied dwelling, violations of §§ 13A-6-2; 13A-4-2; and 13A-11-61, Code of Alabama 1975. He was sentenced to 15 years for his conviction of attempted murder and 10 years for the remaining 3 offenses. However, pursuant to the Split Sentencing Act, the appellant was ordered to serve 2 years in prison with 5 years of probation, served concurrently. The appellant now appeals his conviction.
 I
The appellant initially contends that the jury's finding him to be sane was contrary to the great weight of the evidence presented at trial.
Legal insanity is an affirmative defense and the burden of proof rests upon the accused to establish by clear and convincing evidence that he was suffering from a severe mental disease or defect at the time the crime was committed. §13A-3-1, Code of Alabama 1975. See Odom v. State,527 So.2d 1362 (Ala.Cr.App. 1988); McFarland v. State,581 So.2d 1249 (Ala.Cr.App. 1991). By statute, there is a presumption of sanity extending to all persons over the age of 14. § 15-16-2, Code of Alabama 1975. See Odom v.State, 527 So.2d 1362 (Ala.Cr.App. 1987). The question of whether the appellant was legally insane during the commission of the offense is a question for the jury to decide after reviewing all the evidence. Ellis v. State,570 So.2d 744 (Ala.Cr.App. 1990). Also,
 " ' "In order for this court to reverse [a guilty verdict on the ground that it is contrary to the weight of the evidence of insanity, the] evidence of insanity must be 'overwhelming,' 'uncontradicted,' and 'clear, . . . strong and undisputed.'" Sistrunk v. State, 455 So.2d 287, 289 (Ala.Cr.App. 1984) (citations omitted).'"
Bass v. State, 585 So.2d 225, 233 (Ala.Cr.App. 1991).
The record shows that Dr. Todd Welburne, a psychologist, testified for the defense. Dr. Welburne testified that he had examined the appellant some three months after the shootings, and he was of the opinion that the appellant suffered from a delusional disorder, persecutory type. He testified that this type of disorder causes an individual to have a set of beliefs that no one else would believe were true, and that the individual would feel as though everyone else were against him and out to get him. However, Dr. Welburne testified that the appellant could lead a normal life with the disorder going undetected by friends or family, until someone questioned the appellant's beliefs. Dr. Welburne testified that the appellant could act aggressively towards others in an attempt to defend himself, if his beliefs were questioned. According to Dr. Welburne the appellant was able, at the time of the shooting, to know it was wrong to shoot at people, but, because of his belief that everyone was out to get him, he could think it was all right to defend himself against those people by shooting them.
The record also shows that the appellant's brother, Jerry Haynes, testified on the appellant's behalf. He testified that the appellant believed that his former employer, Armco Steel Mills, had people out trying to get him.
The state presented no evidence to rebut the testimony of Dr. Welburne or the testimony of the appellant's brother.
We have held that, "[t]he opinions of expert witnesses as to insanity are not conclusive on the jury, but are weighed like other evidence, and the jury may reject all expert *Page 1283 
testimony, though it is without conflict." Flenory v.State, 588 So.2d 940, 942 (Ala.Cr.App. 1991), quotingSmith v. Smith, 254 Ala. 404, 48 So.2d 546 (1950).
 "Moreover, the fact that all of the expert witnesses testified for the defense is not a reason to overturn the jury's verdict because '[a] factfinder is not bound by expert testimony "even if all of the witnesses are presented by only one side."' Ellis v. State, 570 So.2d 744, 752 (Ala.Cr.App. 1990), quoting United States v. Pitts, 428 F.2d 534, 536 (5th Cir.), cert. denied, 400 U.S. 910 [91 S.Ct. 154, 27 L.Ed.2d 149] (1970)."
Hill v. State, 620 So.2d 143, 144 (Ala.Cr.App. 1993). Thus, the fact that the state failed to present a rebuttal witness does not require us to overturn the jury's verdict. The jury, in weighing the credibility of the evidence, has the right to disbelieve all of the evidence or to disbelieve any part of it.
The record also shows that Dr. Wilburne testified that the appellant would be able to function normally in society, appreciating the nature of his actions. He testified that the appellant could appreciate right from wrong. "[W]here an insane person 'has lucid intervals, the law presumes the offense of such person to have been committed in a lucid interval, unless it appears to have been committed in the time of his distemper.'" Lewis v. State, 439 So.2d 1357, 1358
(Ala.Cr.App. 1983) (quoting Ford v. State, 71 Ala. 385,395 (1882)). The appellant offered no evidence as to what provoked him into going on a shooting spree.
Also, "[e]ven in this case where there is considerable evidence of insanity, this Court will not reweigh the evidence." Bass v. State, 585 So.2d 225, 235
(Ala.Cr.App. 1991).
 "Even though a appellate court should 'marvel that a jury would convict upon such flimsy proof, it is not permitted to pass upon the weight or sufficiency of the evidence, where it may yield any rational inference of guilt.' Toles v. State, 170 Ala. 99, 100, 54 So. 511 (1911)."
Granger v. State, 473 So.2d 1137, 1139
(Ala.Cr.App. 1985).
The jury found, after hearing all the evidence, that the appellant was legally sane during the commission of the offense. We see no reason to disturb the jury's verdict.
 II
The appellant next contends that the state erred in denying his motion for judgment of acquittal.
The state's evidence tended to show that on June 11, 1992, the appellant positioned himself in a second story room of his house and unleashed a barrage of gunfire onto the area surrounding his house in Talladega County. The barrage lasted for three hours. The appellant fired shots into the next door duplex apartment owned by Betty Martin. Martin testified that she heard shooting coming from next door, so she took her baby and hid underneath a bed in her house. Several shots entered Martin's house and the police removed several bullet slugs from the walls inside Martin's house. The appellant next fired upon Lester Cunningham, a neighbor who was walking across his lawn preparing to cut the grass. Cunningham testified that he saw the appellant standing in a second floor window of the house holding what appeared to be a shotgun. Cunningham testified that the shots fired by the appellant hit him in the stomach and legs, but he was still able to grab his son and run to safety. The appellant next opened fire on a truck coming down the road in front of his house. Ken Burgess, the driver of the truck, testified that he was traveling down the road when he heard a gunshot only to realize that the shot had hit his truck. Randall Brasher, a passenger in Burgess's truck, was injured by the shot fired by the appellant. Burgess testified that he saw the appellant standing in a second floor window with a rifle in his hands. The appellant also launched an assault upon a nearby unoccupied building owned by the Alabama Power Company.
Officers from the Talladega County Sheriffs Department were dispatched to the scene of the shooting, where they encountered the appellant firing from the second story room at will upon the surrounding area. Eventually, one of the officers shot and hit the appellant as he stood in the window of his *Page 1284 
house. Soon after, the appellant gave himself up to the officers of the Sheriff Department.
The standard of review we use to decide sufficiency issues is whether legal evidence was submitted from which the jury could by fair inference find the defendant guilty. In applying this yardstick, we must accept as true the evidence introduced by the State, accord the State all legitimate inferences from that evidence, and consider the evidence in the light most favorable to the state. McMillian v. State, 594 So.2d 1253
(Ala.Cr.App. 1991).
The state presented both direct and circumstantial evidence. There were eyewitnesses who saw the appellant shooting from the second floor window of his house, and there were victims who testified that the shots which injured them came from the appellant's house. The police recovered numerous spent shell casings from the appellant's house, and seized several guns from the upstairs bedroom of the appellant's house.
There was sufficient evidence for the trial court to submit the case to the jury, and the jury could have been convinced beyond a reasonable doubt that the appellant was guilty. The trial court did not err in denying the appellant's motion for judgment of acquittal.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.