The appellant, Dallas Simmons, was convicted of four counts of attempted murder, violations of § 13A-4-2 and § 13A-6-2, Code of Alabama 1975, two counts of discharging a firearm into an occupied vehicle, violations of § 13A-11-61, one count of reckless endangerment, a violation of § 13A-6-24, and one count of first degree kidnapping, a violation of § 13A-6-43. He received three[1] life sentences for the attempted murder convictions and lesser sentences on the other convictions, to be served concurrently with the life sentences.
The state's evidence tended to show that on November 16, 1992, the appellant met his estranged wife at the SouthTrust Bank in Bonifay, Florida, to review their "divorce papers." An argument ensued and the appellant forced his wife at gunpoint into a car. Police pursued the appellant's vehicle through several counties in southern Alabama. The appellant fired shots at the pursuing police vehicles, shattering a windshield in one of the vehicles and injuring an officer. The appellant was eventually forced to exit his vehicle, but he continued to fire more shots at the police officers. The appellant was shot in the leg and was apprehended while he was fleeing.
 I
The appellant contends that the jury's verdict was contrary to the great weight of the evidence. Specifically, he asserts that the evidence that he was not guilty by reason of mental disease or defect was overwhelming.
Section 13A-3-1 states, in part:
 "(a) It is an affirmative defense to a prosecution for any crime that, at the time of the commission of the acts constituting the offense, the defendant, as a result of severe mental disease or defect, was unable to appreciate the nature and quality or wrongfulness of his acts. . . .
". . . .
 "(c) The defendant has the burden of proving the defense of insanity by clear and convincing evidence."
It was undisputed that, at the time of the offense, the appellant suffered from alcoholism and manic depression. To prevail on the defense of mental disease or defect an accused must present evidence that the accused did not have the ability to appreciate the wrongfulness of his or her actions. §13A-3-1. The appellant's own witness, Dr. Michael D'Errico, testified that the mental defect from which the appellant suffered does not affect one's ability to distinguish right from wrong. There was testimony that the appellant swallowed a handful of pills shortly after he forced his wife into the car. D'Errico stated that a compound effect of the pills and the appellant's mental defect might have affected the appellant's ability to perceive reality.
"The question of whether the appellant was legally insane during the commission of the offense is a question for the jury to decide after reviewing the evidence." Haynes v. State,644 So.2d 1281, 1282 (Ala.Cr.App. 1994). In order to reverse a jury's verdict on the ground that it is against the weight of the evidence going to prove that the defendant suffered from a mental disease or defect, "the evidence of insanity must be 'overwhelming,' 'uncontradicted,' and 'clear.' " Smith v.State, 646 So.2d 704, 713 (Ala.Cr.App. 1994), quoting Sistrunkv. State, 455 So.2d 287, 289 (Ala.Cr.App. 1984). Here, the appellant's evidence that he suffered from a mental disease or defect was not overwhelming and was in fact contradicted by evidence presented by the state. The appellant did *Page 81 
not prove by clear and convincing evidence that he suffered from a mental disease or defect as required by § 13A-3-1.
 II
The appellant contends that the trial court erred in allowing a lay witness, a prison guard, to testify on the issue of the appellant's sanity.
Julie Jones, a correctional officer at the Covington County jail, testified that she observed and interacted with the appellant on a daily basis for nearly 10 months while he was incarcerated pending trial. Jones testified that she had two years of specialized training working with emotionally disturbed persons. Jones testified that based on her observation of the appellant, she was of the opinion that the appellant was sane.
 " ' "The law is clear that a notion to the effect that only an expert witness can testify that in his opinion another is sane is erroneous". . . .
 " ' "In Alabama, a lay witness may give his opinion on the question of a defendant's sanity or insanity as long as the proper predicate has been laid. . . . To lay a proper predicate for the admission of such an opinion, a witness must first have testified . . . to facts showing that he had an adequate opportunity to observe such defendant's conduct in general . . ." ' "
Flenory v. State, 588 So.2d 940, 941 (Ala.Cr.App. 1991), quotingEllis v. State, 570 So.2d 744, 757 (Ala.Cr.App. 1990). (Citations omitted.) A predicate was established before Jones's opinion testimony that was sufficient to show that she had had the opportunity to observe the appellant's general conduct for 10 months prior to the trial. The trial court did not err in allowing Jones's testimony.
 III
The appellant contends that the trial court erred in enhancing his sentences under the firearm enhancement statute, § 13A-5-6, which provides for an additional five-year enhancement when a Class A felony is committed with a firearm. The appellant's sentences were enhanced for his four convictions for attempted murder and for his kidnapping convictions. This statute mandates a minimum 20-year sentence for any Class A felony involving the use of a firearm. The appellant asserts 1) that he was not given notice of the state's intention to proceed under this Code section and 2) that no evidence was presented that a firearm was used in the commission of the crimes.
First, there is evidence in the record that the appellant had prior notice of the state's "intention to invoke the firearm enhancement statute." At the sentence hearing, the appellant spoke before the state and argued at length why the enhancement provisions were inapplicable to his case. The application of the firearm statute is mandatory. The district attorney does not have the option of whether to apply the law. The court has no choice but to obey this statute when a firearm is used to commit a felony. Clency v. State, 475 So.2d 642
(Ala.Cr.App. 1985).
Second, the record is replete with evidence that the appellant used a firearm in the kidnapping of his wife and the attempted murder of the police officers. Several witnesses testified to the appellant's use of a pistol, and evidence of photographs of the bullet holes was introduced. The trial court committed no error.
For the foregoing reasons, the appellant's convictions and sentences should be affirmed.
AFFIRMED.
All the Judges concur.
[1] The appellant received a 20-year sentence for one of his attempted murder convictions.